### Commonwealth *v.* Sapp, Petitioner.

Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Steve Sapp,* petitioner, in propria persona.

*Gilfert M. Mihalich,* Assistant District Attorney, and *Joseph M. Loughran,* District Attorney, for Commonwealth, respondent.

OPINION BY MR. JUSTICE ROBERTS, February 15, 1968:

Steve Sapp was sentenced after a plea of guilty to a minimum of five and a maximum of ten years on one count of burglary and one count of larceny. After serving approximately three and one-half years of this sentence, Sapp filed in April of 1967 a petition under the Post Conviction Hearing Act. This petition was denied without a hearing by the Court of Quarter Sessions of Westmoreland County and this denial affirmed without opinion by the Superior Court. A petition for allocatur was filed and is hereby granted.

Sapp alleged, an allegation uncontradicted of record, that trial counsel did not inform him that he had the right to the assistance of counsel for purposes of appeal. Nor does it appear of record that the trial court so informed Sapp. Thus, a denial of the right mandated in *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963) was alleged. Section 9 of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §9, 19 P.S. §1180-9 (Supp. 1966), clearly requires that a hearing be held when a petition alleges facts which, if proven, would entitle petitioner to relief. A hearing on Sapp's *Douglas* claim was therefore necessary.

We reject, as we have in the past, the Commonwealth's theory that the grant of *Douglas* relief after the entry of a guilty plea would be fruitless. This argument is premised upon the fact a conviction based upon a plea of guilty offers no grounds for appellate attack, a premise rejected in both *Commonwealth ex rel. Neal v. Myers,* 424 Pa. 576, 581, 227 A. 2d 845, 847 (1967) and *Commonwealth ex rel. Booker v. Maroney,* 424 Pa. 394, 403, 227 A. 2d 168, 174 (1967).

The order of the Superior Court is reversed. The order of the Court of Quarter Sessions of Westmoreland County is reversed and the record remanded to that court for proceedings consistent with this opinion.