Opinion by
 

 Hoffman, J.,
 

 Petitioner filed a petition under the Post Conviction Hearing Act in November, 1967, alleging ineffective assistance of counsel and that counsel had a conflict of interest because he represented a co-defendant. Petitioner also alleged that he was denied the assistance of counsel to perfect an appeal in accordance with
 
 Douglas v. California,
 
 372 U.S. 353 (1963).
 

 The lower court denied the petition without holding a hearing.
 

 Our Supreme Court has often stated that: “The allegations of the petition, if true, entitle petitioner to relief, and since his allegations are not refuted by the record, he is entitled to a hearing, to determine the truth or falsity of his allegations. Commonwealth v. Wood, 425 Pa. 612, 230 A. 2d 729 (1967).”
 
 Commonwealth v.
 
 Dennis, 427 Pa. 69, 70, 233 A. 2d 525 (1967). Similarly in the case at bar, petitioner has alleged facts, which if true, entitle him to relief.
 

 Thus, the order of the Court of Quarter Sessions of Lancaster County is vacated, and the case is remanded with instructions to conduct an evidentiary hearing at which petitioner is represented by counsel to determine whether petitioner is entitled to relief.