Commonwealth *v.* Davis, Appellant.

Submitted September 30, 1968.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William F. Caruthers,* for appellant.

*Henry A. Martin,* Assistant District Attorney, and *Joseph M. Loughran,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, January 24, 1969:

David Earl Davis (appellant) was convicted in the Court of Oyer and Terminer of Westmoreland County of murder in the second degree on March 5, 1965, and

sentenced to a prison term of ten to twenty years. No post-verdict motions were filed nor an appeal taken. On October 24, 1967, appellant filed a petition for a post-conviction hearing under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §1, 19 P.S. §1180-1. This petition was denied without a hearing on December 6, 1967. A petition for reconsideration was also dismissed without a hearing on January 10, 1968. Appellant appealed from the order of dismissal to our Court.

Appellant alleges as grounds for a hearing that he was not informed of his right to the assistance of counsel on direct appeal as required by *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814 (1963). We have held that if the appellant alleges a violation of his right to counsel on appeal and this contention is not disproved on the face of the record, the appellant is entitled to a hearing. *Commonwealth v. Zaffina*, 432 Pa. 435, 248 A. 2d 5 (1968); *Commonwealth v. Johnson*, 431 Pa. 522, 532, 246 A. 2d 345 (1968); *Commonwealth v. Sapp*, 428 Pa. 377, 238 A. 2d 208 (1968).

The Commonwealth does not deny that the appellant would be entitled to a hearing under these circumstances. Instead, it argues that appellant did not raise this contention under this present appeal and that, therefore, he has waived the defect. See §4 of the Post Conviction Hearing Act. Admittedly, appellant's petitions below are not clear. It is true that appellant did not check the appropriate box for obstruction of the right to appeal on the post-conviction form provided by the Commonwealth. On the next page, however, he alleges that "I was denied counsel to take, prepare and perfect an appeal." Considering the fact that the petition was drafted by the appellant himself, we feel that it is sufficiently clear to raise the issue of denial of counsel. We conclude, therefore, that appellant has not waived this defect.

Order reversed and the matter remanded to the court below for an evidentiary hearing.

Mr. Justice MUSMANNO did not participate in the decision of this case.