Commonwealth *v.* Young, Appellant.

Submitted November 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 23, 1971:

Appellant was charged with burglary and larceny, tried before a jury, convicted and sentenced. While confined, he filed a petition pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 *et seq.* (Supp. 1970). In his petition appellant checked virtually all of the boxes indicating grounds for relief. In the spaces provided for explanation he went on to enumerate, *inter alia,* that he had been subjected to an illegal arrest and search, that his trial counsel had been ineffective, and that his right to appeal had been obstructed by prison authorities.

The petition was denied without a hearing on the grounds that it was patently frivolous and that the complaints had been previously considered and denied. From denial of the petition this appeal followed.

It is now well established law in Pennsylvania that if "a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing." Post Conviction Hearing Act, *supra*, §9; *Commonwealth v. Johnson*, 431 Pa. 522, 246 A. 2d 345 (1968). This is especially true if the petition alleges ineffective assistance of counsel, *Commonwealth v. Rush*, 212 Pa. Superior Ct. 437, 243 A. 2d 159 (1968), or obstruction of the right to appeal, *Commonwealth v. Davis*, 433 Pa. 267, 249 A. 2d 766 (1969).

The petitioner's claims are not clearly refuted by the record, nor does the record reveal a prior litigation of his allegations. On the contrary, the inadequacy of the record on the post-trial aspects of the case (handwritten pro se motions for new trial and notice of appeal) indicates that appellant had little, if any, effective representation on appeal. The order of the lower court is reversed and the case remanded for an evidentiary hearing.

WATKINS and JACOBS, JJ., dissent.