Commonwealth *v.* Rosenberger, Appellant.

Submitted December 7, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Thomas E. Duffy,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf* and *William T. Nicholas,* Assistant District Attorneys, *Parker H. Wilson,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., April 15, 1971:

In 1967, the defendant pleaded guilty to several criminal charges and subsequently he filed a petition under the Post Conviction Hearing Act,[1] claiming, inter alia, deprivation of the right to appeal his conviction.

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180.1 et seq.

The law is clear that after a conviction based on a guilty plea, the only questions which may be raised, either on direct appeal or in a collateral proceeding, are the validity of the plea and the lawfulness of the sentence. See *Commonwealth v. Alexander,* 435 Pa. 33, 255 A. 2d 119 (1969), and *Commonwealth v. Stokes,* 426 Pa. 265, 232 A. 2d 193 (1967).[2]

In *Commonwealth v. Lowery,* 438 Pa. 89, 263 A. 2d 332 (1970), our Supreme Court established the following guidelines for handling Post Conviction Hearing Act petitions after a guilty plea: "When it is found in the course of a PCHA proceeding that a petitioner has been deprived of his right to appeal from a conviction based upon a guilty plea, the PCHA court should usually proceed to hear and decide *all of the petitioner's other claims* since there generally can be no appropriate claim of error which is not cognizable in the PCHA proceedings." (emphasis supplied) 438 Pa. at 90, 263 A. 2d at 333.

The lower court in accordance with *Lowery,* supra, heard all of the petitioner's claims concerning the validity of his guilty plea and/or the lawfulness of his sentence. On appeal we hold that the dismissal of those claims by the lower court was proper. Of course, any claims not raised by petitioner in these two permissible areas necessarily must be considered waived.

However, the lower court did err in granting petitioner direct appeal rights nunc pro tunc. This action was incorrect and contrary to the intendment of the

---

[2] These two broad grounds for appeal, of course, are inclusive of other claims of reversible error. For instance, if an appellant can prove that he was not provided with effective assistance of counsel at the time of his guilty plea, that plea may be declared invalid. Another example is that if an appellant demonstrates that the basis of his plea was a coerced confession, his plea cannot stand as the basis of a conviction. Of course, the question of jurisdiction is always available as a ground for appeal.

*Lowery* decision. The very purpose of holding the full Post Conviction Hearing Act proceeding, as mandated by *Lowery*, is to avoid duplication and multiple appeals.

Once all matters have been brought before the lower court under the Post Conviction Hearing Act and the denial thereof is reviewed on appeal, there is no necessity for allowing direct appeal rights nunc pro tunc. The allowance of these rights would have the effect of bringing the same matter before the appellate courts again.

We affirm the dismissal of petitioner's Post Conviction Hearing Act claims and reverse that part of the order granting direct appeal rights nunc pro tunc.