Commonwealth *v.* Benjamin, Appellant.

Submitted March 17, 1971.   Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*Jonathan D. Herbst,* Assistant Public Defender, for
appellant.

*Stewart J. Greenleaf,* Assistant District Attorney,
*William T. Nicholas,* Executive Assistant District At-
torney, *Parker H. Wilson,* First Assistant District At-
torney, and *Milton O. Moss,* District Attorney, for
Commonwealth, appellee.

OPINION BY SPAULDING, J., June 22, 1971:
Appellant, Roosevelt Benjamin, was charged with
burglary and larceny, tried before a jury, convicted and
sentenced. While in prison he filed a petition pursuant

to the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 *et seq.* (Supp. 1970). His petition alleged, *inter alia,* that he was denied the effective assistance of counsel. As an appeal was pending before this Court, the petition was held in abeyance pending the outcome of that appeal. We affirmed the judgment of sentence per curiam. *Commonwealth v. Benjamin,* 216 Pa. Superior Ct. 817, 266 A. 2d 551 (1970).

On September 28, 1970, the Court of Common Pleas of Montgomery County dismissed the Post Conviction Hearing Act petition without a hearing stating that appellant's claims were patently frivolous or had been disposed of in prior proceedings. This appeal followed.

It is well established in Pennsylvania that if "a petition alleges facts that if proven would entitle the petitioner to relief the court shall grant a hearing." Post Conviction Hearing Act, supra, §9; *Commonwealth v. Johnson,* 431 Pa. 522, 246 A. 2d 345 (1968). The above is especially true if the petition alleges either ineffective counsel, *Commonwealth v. Rush,* 212 Pa. Superior Ct. 437, 243 A. 2d 159 (1968); *Commonwealth v. Young,* 218 Pa. Superior Ct. 272, 275 A. 2d 866 (1971); or obstruction of the right to appeal, *Commonwealth v. Davis,* 433 Pa. 267, 249 A. 2d 766 (1969).

Although the record is incomplete, it appears that the ineffective assistance of counsel claim has not been previously litigated.[1] Petitioner is entitled to a hearing on this claim and any other issue not already waived.

---

[1] Ordinarily, in the absence of clear and irrefutable on the record proof that counsel was ineffective, we will not decide an ineffective assistance of counsel claim on direct appeal. Rather, we will wait until an evidentiary hearing has given the Commonwealth an opportunity to show that the representation was effective under the standards enunciated in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967). Cf. *Commonwealth v. Macek,* 218 Pa. Superior Ct. 124, 279 A. 2d 772 (1971).

346

· · The order of the court below is vacated and the record remanded for a hearing.

JACOBS, J., concurs in the result.