## Commonwealth *v.* Evans, Appellant.

Submitted April 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John J. Dean* and *J. Graham Sale, Jr.,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 30, 1971:
Orders affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was charged with auto larceny, armed robbery and assault and battery. On November 19, 1968, he pleaded not guilty and went to trial before a judge sitting without a jury.

After testimony had begun on the auto larceny charge, appellant's counsel announced, "[w]e're pleading guilty to this charge." Following a colloquy to establish appellant's understanding of his pleas, the trial continued as to the other charges.[1]

The victim of the robbery testified concerning the offense. Defense counsel asked one question on cross-examination of this witness and concluded, "[t]hat's all. At this point we will enter a plea on this charge." The court cautioned counsel to consult with his client on this matter. Counsel was told the assault charge was still pending and answered, "I'm talking about the robbery charge. Let me see that indictment for a minute, if I may. All right, we'll wait."

Appellant was convicted as charged and sentenced to a term of five to ten years for the robbery and assault. Post-trial motions were not filed, but on June 3, 1969, appellant submitted a Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq., Supp. 1971, petition alleging that he had been denied his right to competent counsel. In support of this allegation appellant stated that he had first seen his attorney only twenty minutes before trial. This petition was denied without a hearing as being devoid of merit and not raising a factual issue. This appeal followed.

---

[1] On this appeal appellant does not challenge his conviction and sentence on the auto larceny charge.

"It is now well established law in Pennsylvania that if 'a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing.' Post Conviction Hearing Act, *supra,* §9; Commonwealth v. Johnson, 431 Pa. 522, 246 A. 2d 345 (1968). This is especially true if the petition alleges ineffective assistance of counsel, Commonwealth v. Rush, 212 Pa. Superior Ct. 437, 243 A. 2d 159 (1968), . . ." *Commonwealth v. Young,* 218 Pa. Superior Ct. 272, 275 A. 2d 866 (1971).

If proved, appellant's contention that his counsel was ineffective because counsel was inadequately prepared to represent him would entitle him to relief. Far from refuting this allegation, an examination of the record indicates that counsel was not completely versed in the intricacies of appellant's case. The Act requires that appellant be given an opportunity to prove at an evidentiary hearing that counsel's lack of preparation prejudiced his case.

I would reverse the order of the lower court and remand the case for a Post Conviction Hearing Act hearing.

SPAULDING, J., joins in this dissenting opinion.