Commonwealth *v.* Naylor, Appellant.

Submitted March 19, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*R. Barclay Surrick,* Assistant Public Defender, for appellant.

*Vram Nedurian, Jr.* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., June 21, 1974:

The Appellant, Richard Naylor, Jr., pled guilty in 1972 to various charges of robbery. On February 14, 1973 he filed a Petition under the Post Conviction Hearing Act[1] [hereinafter called the PCHA], which

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180.1 et seq.

was later amended; on May 25, 1973 a hearing was held in the lower court on the Petition. The Appellant's PCHA appeal was based upon claims of ineffective assistance of counsel and other matters which allegedly caused his guilty pleas to be unlawfully induced. Our review of the record, including the colloquy at the time of the guilty pleas, the evidence adduced at the PCHA hearing, and a written form filled in and signed by the Appellant at the time of his plea, convinces us that the lower court correctly denied Appellant relief on his claims dealing with allegedly ineffective counsel and invalid guilty plea. In short, there was no evidence that Appellant was denied effective assistance of counsel, nor is there any doubt Appellant was fully advised of and understood his rights and the consequences of his guilty pleas.

On appeal, the Appellant also alleges that his right to appeal the sentence imposed following his plea had been "thwarted by State officials." Although his claim of improper sentencing was not included in Appellant's PCHA Petition, it was a matter on which he offered testimony at the PCHA hearing. His testimony shows that while not claiming sentence exceeded permissible statutory limits, he simply felt he should have been sentenced less harshly. The lower court, in its Opinion denying PCHA relief, indicated that it felt Petitioner was seeking reconsideration of his sentence, a belated matter with which the PCHA was not meant to deal. This particular holding of the lower court was not technically correct. In *Commonwealth v. Rosenberger,* 218 Pa. Superior Ct. 95, 279 A. 2d 308 (1971) our Court discussed the broad scope of review of the PCHA Court after a guilty plea.

Although the PCHA Court, *in its Opinion,* did not directly deal with Appellant's sentence arguments, it is our conclusion that under the particular facts of this case, no useful purpose would be served by remanding

this case to the PCHA Court for further action. The record shows that the PCHA judge, who was the same judge who sentenced the Appellant, gave the latter a full opportunity at the PCHA hearing to raise all of his sentencing complaints and arguments. The Appellant, at that time, while asking for a lesser sentence did not make any claim that the sentence was "illegal." The judge indicated orally that he recognized that the PCHA Court should review the legality of the sentence. Further, the judge indicated orally at the hearing that he still considered his original sentence to be appropriate. On the basis of this record, it would be meaningless to remand this case for further proceedings. Our review reveals that the sentence imposed did not exceed the limits fixed by law, nor did it constitute any abuse of discretion by the trial judge. See *Commonwealth v. Davis*, 203 Pa. Superior Ct. 79, 83, 198 A. 2d 649 (1964); *Commonwealth v. Zelnick*, 202 Pa. Superior Ct. 129, 131, 195 A. 2d 171 (1963).

On that basis, we affirm the order of the lower court denying post-conviction relief.