Commonwealth *v.* Van Hillsman, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Herschel Van Hillsman,* appellant, in propria persona.

*Amos Davis,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 21, 1974:

Appellant, Herschel Van Hillsman, was convicted on January 19, 1971, by a Blair County jury of burglary, larceny, and possession of burglary tools in connection with a burglary of an Allegheny Airlines office in the Terminal Building at the Blair County Airport at Martinsburg. Appellant's timely motions for arrest of judgment and for a new trial were denied by the lower court on July 8, 1971, and he was sentenced on July 19, 1971, to seven and one-half to fifteen years for the burglary, one to two years for the larceny, and a suspended sentence for possession of burglary tools, all to run concurrently. The convictions were affirmed by this court's per curiam order, 221 Pa. Superior Ct. 711, 288 A. 2d 544 (1972), and allocatur was denied by the Pennsylvania Supreme Court.

This appeal raises issues concerning alleged trial errors[1] and ineffective assistance of trial counsel[2] in a petition pursuant to the Post Conviction Hearing Act, 1966, Jan. 25, P. L. (1965) 1580 (19 P.S. §1180-1 *et seq.*) The Court of Common Pleas of Blair County dismissed

---

[1] Appellant, in his brief, raised issues concerning the credibility of witnesses and improper admission of evidence, issues which are properly the subject of direct appeal.

[2] Appellant alleged that appointed trial counsel had failed to make pre-trial suppression motions and objections to certain trial testimony.

the petition without a hearing, noting that "all matters complained of [were] properly the subject of the direct appeals which were taken and disposed of. . . ." We are in agreement with the lower court's disposition of the allegations of trial error. We do not, however, agree with the lower court's dismissal, without hearing, of the issue of alleged ineffective assistance of trial counsel, and, therefore, remand the petition for an evidentiary hearing on this issue.

It is well settled that if "a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing. . . ." Post Conviction Hearing Act, supra §9; *Commonwealth v. Benjamin,* 219 Pa. Superior Ct. 344, 280 A. 2d 625 (1971); *Commonwealth v. Johnson,* 431 Pa. 522, 246 A. 2d 345 (1968). This is especially true if the petition alleges ineffective counsel. *Commonwealth v. Benjamin, supra; Commonwealth v. Young,* 218 Pa. Superior Ct. 272, 275 A. 2d 866 (1971); *Commonwealth v. Rush,* 212 Pa. Superior Ct. 437, 243 A. 2d 159 (1968).

The record is inadequate to properly assess the merits of appellant's contention that he was denied representation by competent counsel, although it is clear that the claim has not been previously raised and passed upon by the lower court. Appellant has properly raised this issue by petition and has alleged facts which entitle him to a hearing on the merits of his claim of ineffective assistance of counsel.

The order of the court below dated December 10, 1973, is vacated and remanded for hearing consistent with this opinion.