## Commonwealth *v.* Conley, Appellant.

Submitted November 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John H. Corbett, Jr.,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., February 27, 1975:

This appeal follows the dismissal of a Post Conviction Hearing Act (PCHA) petition without a hearing. The petition alleged that appellant's court-appointed counsel failed to notify him of the denial of post-trial motions in time to enable a direct appeal,[1] and that exculpatory evidence not available at the time of trial subsequently became available.

With regard to appellant's allegation of ineffective assistance of counsel, it is well settled law in Pennsylvania that "[i]f a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer." The Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §9, 19 P.S. §1180-9. Furthermore, it has been held that allega-

---

1. The docket entries do not include either a date on which post-trial motions were filed, or a date on which an order denying the motions was made.

tions of ineffective assistance of counsel in taking a direct appeal, when not refuted by the record, are sufficient to require a hearing to determine the merits of petitioner's claim. *Commonwealth v. Davis*, 433 Pa. 267, 249 A.2d 766 (1969); *Commonwealth ex rel. Newsome v. Myers*, 422 Pa. 240, 220 A.2d 886 (1966).

In this case, the record is silent as to whether post-trial motions were filed and as to why appellant failed to appeal directly. On this basis, we must remand the case with instructions to hold an evidentiary hearing. *Commonwealth v. Van Hillsman*, 229 Pa. Superior Ct. 467, 323 A.2d 35 (1974).

Appellant also asserted that since his trial, he has discovered exculpatory evidence. That evidence would be the testimony of an eye-witness to appellant's crime.[2] We do not pass upon the merits of petitioner's allegation herein. However, we believe appellant must be given the opportunity to prove his allegation at an evidentiary hearing, by establishing, if he is able, that the evidence was discovered after trial and could not have been obtained at trial by reasonable diligence, that it is not cumulative or of such a nature that it merely impeaches credibility, and that it would be likely to compel a different result. *Commonwealth v. Cooney*, 444 Pa. 416, 282 A.2d 29 (1971); *Commonwealth v. Schuck*, 401 Pa. 222, 164 A.2d 13 (1960).

The order of the lower court is vacated and the case remanded with directions to hold an evidentiary hearing as provided by the Post Conviction Hearing Act.

---

2. Appellant was convicted, following a non-jury trial on December 7, 1971, of burglary, larceny and receiving stolen goods on Indictment No. 5699 September, 1971, and of armed robbery on Indictment No. 5698 September, 1971. Demurrers to the charges of receiving stolen goods and conspiracy to do an unlawful act (Indictment No. 5698) were sustained at trial.