Commonwealth *v.* Cimaszewski, Appellant.

Submitted December 2, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William F. Coyle,* and *Abrahams & Loewenstein,* for appellant.

*John Cooper, Mark Sendrow* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., April 22, 1975:

Appeal is taken from an Order denying, without a hearing, appellant's petition for post-conviction relief.[1] At trial on August 28, 1972, appellant pled guilty to charges of burglary, aggravated robbery, and aggravated assault and battery. Sentencing followed on November 21, 1972. On August 16, 1973, appellant filed his petition for post-conviction relief, which petition he augmented by an amended petition.

The applicable statute, *supra,* provides:

> "If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner." (§1180-9).

Thus, "[t]he right to an evidentiary hearing on PCHA review is not absolute." *Commonwealth v. Hayden,* 224

---

1. Petition was presented pursuant to the Post Conviction Hearing Act, Act of 1966, January 25, P.L. (1965) 1580, §1 *et seq.,* 19 P.S. §1180-1 *et seq.*

Pa. Superior Ct. 354, 356, 307 A.2d 389, 390 (1973). It is our duty to carefully study the record, appellant's petition for relief, and the Commonwealth's answer.

Appellant's first argument is that his trial counsel was ineffective.[2] He now alleges that the attorney's advice to plead guilty was against appellant's better judgment. Further, appellant argues that his trial counsel promised him a lesser sentence if he pled guilty, together with credit for time served and an allowance to attend a treatment center. The record shows that appellant, in response to his attorney's questions, understood the charges against him, the maximum sentences therefor, his absolute right to jury trial, and the presumption of innocence applicable to him. But the record is silent as to appellant's present claims, which, if true, would entitle appellant to a hearing. See *Commonwealth v. Young*, 218 Pa. Superior Ct. 272, 275 A.2d 866 (1971); and *Commonwealth v. Rush*, 212 Pa. Superior Ct. 437, 243 A.2d 159 (1968).

Although statements were made at trial which are contrary to appellant's present argument regarding ineffective counsel, we find that the record does not necessarily refute and make invalid and frivolous appellant's claim as to ineffectiveness of counsel, and recognizing that this issue is eligible for presentation at the post-conviction stage (see §1180-3 of the Act, *supra*), we remand for hearing the issue of ineffective counsel.[3]

Appellant's second argument is a rather general one alluding to his guilty plea as having been unlawfully

---

2. Following trial, Attorney A. A. Guarino was dismissed, and Attorney William F. Coyle replaced him as appellant's counsel.

3. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975), holds that ineffectiveness of counsel may be raised in a PCHA proceeding in three (3) instances, one of which is "where the petitioner is represented on appeal by new counsel, but the grounds upon which the claim of ineffective assistance are based do not appear in the trial record", 460 Pa. at 100, 331 A.2d at 438. This is the situation in the instant case.

induced, which he alleges lends itself better to post-conviction treatment. But for an unexplained reason, the direct appeal was discontinued.

We are confident that some claims relative to unlawfully induced guilty plea are properly raisable at direct appeal. *Commonwealth v. Rosenberger*, 218 Pa. Superior Ct. 95, 279 A.2d 308 (1971). However, on the state of the present record, we are unable to determine whether or not appellant knowingly and intelligently waived his rights to pursue such claims on direct appeal when he inexplicably withdrew his direct appeal. The PCHA hearing court must resolve the question of knowing and intelligent waiver of direct appeal rights. If there was a knowing and intelligent waiver of these rights, any claim of unlawfully induced guilty plea, cognizable on direct appeal, was waived. See *Commonwealth v. Johnson*, 433 Pa. 582, 252 A.2d 641 (1969). *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972). If no such waiver of direct appeal rights is found, then all of appellant's claims as to unlawfully induced guilty plea must be considered by the PCHA hearing court.

Remanded with a procedendo in accordance with this opinion.

---

Concurring Opinion by Cercone, J.:

While I agree with the majority's conclusion that appellant is entitled to a PCHA hearing as to the issue of ineffective assistance of counsel, I feel further discussion of this issue is necessary in light of *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). *Dancer* is similar to the instant case in three critical respects: (1) appellant, by way of the PCHA, claims ineffective assistance of trial counsel, (2) this issue was not pursued on direct appeal, and (3) appellant was represented on direct appeal by counsel other than trial counsel. Therefore, the question which was considered in *Dancer* and which must be considered here is whether

an appellant represented on direct appeal by an attorney other than his trial counsel waives his claim of ineffective assistance of counsel by failing to raise such issue on direct appeal. *Dancer* held that such failure did in fact constitute a waiver as to any possible subsequent PCHA relief. The next question then becomes whether the holding in *Dancer* should control the instant case. This is not an easy question because, although *Dancer* came after the instant case, the basis for *Dancer* existed long before this case arose. Section 3 of the Post Conviction Hearing Act, 19 P.S. §1180-3, states: "To be eligible for relief under this act, a person . . . must prove . . . [t]hat the error resulting in his conviction and sentence has not been finally litigated or waived." Section 4 of the PCHA, 19 P.S. §1180-4, states that an issue is waived if petitioner "failed to raise it and it could have been raised . . . on appeal. . . ." Therefore, even prior to *Dancer* the PCHA made it clear that an issue not raised on direct appeal would be waived as to PCHA relief. But the clearness of the rule contained in the PCHA was clouded by case law. The recent cases of *Commonwealth v. Reid,* 458 Pa. 357 (1974); *Commonwealth v. Clair,* 458 Pa. 418 (1974) ; and *Commonwealth v. Coleman,* 458 Pa. 112 (1974) held that an issue not raised in post-verdict motions would not be considered on appeal. On this basis, appellate counsel in *Dancer* and appellate counsel in the instant case could have reasonably concluded that since trial counsel's ineffectiveness was not raised in post-verdict motions[1] it could not be raised on direct appeal; and, therefore, the only avenue to pursue this issue would be through the PCHA. In addition, counsel's decision to proceed through the PCHA, rather than via direct appeal, was supported and, in fact, directed by several pre-*Dancer* cases in

---

1. The court in *Dancer* properly concludes that this would be an unrealistic expectation because it would require trial counsel to raise his own ineffectiveness in post-verdict motions.

which the issue of ineffective assistance of trial counsel was either considered through the PCHA procedure (although not brought or considered on direct appeal) or when raised on direct appeal was even remanded for PCHA relief. See *Commonwealth v. Cook*, 230 Pa. Superior Ct. 283 (1974) ; *Commonwealth v. Owens*, 454 Pa. 268 (1973) ; *Commonwealth v. Robinson*, 452 Pa. 316 (1973) ; *Commonwealth v. Dennis*, 451 Pa. 340 (1973). From the above, it is clear that a conflict did exist prior to *Dancer* as to where to raise the issue of ineffective assistance of counsel. Concisely stated, appellant's counsel was faced with the following dilemma; after studying the PCHA, he could have reasonably concluded that this issue should have been raised on direct appeal; however, after studying case law, he could have, on the other hand, reasonably concluded that PCHA was the proper forum. Therefore, the appellant in the instant case should not be punished simply because his counsel was acting in reliance upon pre-*Dancer* case law which appeared valid on its face. Accordingly, I agree with the majority conclusion which grants appellant a PCHA hearing as to the issue of ineffective assistance of trial counsel.

However, it should be pointed out that the exception made above to the general principles of waiver set forth in Sections 3 and 4 of the PCHA is limited only to the issue of ineffective assistance of trial counsel which arose *prior* to *Dancer*. Therefore appellant's contention, on this PCHA appeal, that his guilty plea was invalid due to an insufficient colloquy cannot now be considered. As to this substantive issue, waiver is applicable due to appellant's failure to pursue it on direct appeal. Unlike the issue of ineffective assistance of counsel, no ambiguity in the status of the law existed which would permit an appellant to forego raising any issue, such as the validity of his guilty plea, other than by direct appeal. To not do so constitutes a waiver of such issue.