J-S14032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EMERSON RICHBURG, | : | |
| | : | |
| Appellant | : | No. 2142 EDA 2014 |

Appeal from the PCRA Order entered on June 25, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0809151-2005

BEFORE: DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED MARCH 09, 2015**

Emerson Richburg ("Richburg") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court concisely set forth the relevant factual and procedural history underlying this appeal in its Opinion, which we incorporate herein by reference. *See* PCRA Court Opinion, 8/14/14, at 1-2.[1, 2]

---

[1] At trial, Richburg was represented by Jay Gottlieb, Esquire, and Norman Scott, Esquire (hereinafter collectively referred to as "trial counsel").

[2] Richburg's PCRA counsel claimed in her Amended PCRA Petition that trial counsel was ineffective for failing to call at trial an alleged alibi witness, Jamie Richburg (hereinafter "Jamie" or "Ms. Richburg"). In support of this claim, PCRA counsel submitted an "Affidavit of Declaration" (hereinafter "the Affidavit"), prepared by Jamie in October 2012, wherein she alleged that she was with Richburg on the morning that the victim was murdered. *See* Memorandum of Law in Support of Amended PCRA Petition, 1/10/14, Exhibit A.

On appeal, Richburg presents the following issues for our review:

I.   Whether the PCRA court erred [] by denying [Richburg] post-conviction relief because trial counsel was ineffective for failing to call an alibi witness, Jamie [], who would testify that she was with [Richburg] on February 14, 2005[?]

II.  [Whether t]he PCRA court erred [] by denying [Richburg] an evidentiary PCRA hearing because his [PCRA P]etition … is facially sufficient to warrant an evidentiary hearing[,] as it contains facts[] that[,] if proven, would entitle him to relief[?]

Brief for Appellant at 3.

The applicable standards of review regarding the denial of a PCRA petition and ineffectiveness claims are as follows:

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

＊ ＊ ＊

To prevail on a claim alleging counsel's ineffectiveness under the PCRA, [a petitioner] must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.*[,] there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted).

Richburg first argues that trial counsel was ineffective for failing to present Jamie as a defense witness at trial, because she could have provided

Richburg with an alibi. **See** Brief for Appellant at 11-15. Richburg points

out Jamie's statements in the Affidavit that, on the morning on which the

victim was murdered, Jamie drove Richburg to a store, and later, to buy

some marijuana. **Id.** at 11-12.

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [ineffectiveness] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. To demonstrate [] prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel[,] for such decision usually involves matters of trial strategy.

**Commonwealth v. Sneed**, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations

and quotation marks omitted).

In its Pa.R.A.P. 1925(a) Opinion, the PCRA court cogently addressed

Richburg's claim, discussed the applicable law, and determined that trial

counsel was not ineffective because (1) the Affidavit does not provide

evidence of an alibi; and (2) the trial court asked Richburg, after the close of

the Commonwealth's case-in-chief, if he wanted to call any other witnesses,

to which Richburg replied in the negative. **See** PCRA Court Opinion,

8/14/14, at 5-7. We agree with the PCRA court's rationale and

determination, which is supported by the record and the law, and thus affirm on this basis with regard to Richburg's ineffectiveness challenge. ***See id.***

As an addendum, we observe that Richburg's claim also fails because he did not establish the prejudice prong of the ineffectiveness test, in that Jamie's testimony would not have been beneficial, and may have even harmed the defense. ***See Wah, supra***; ***Sneed, supra***. Specifically, approximately two months after the murder, a police officer investigating the crime interviewed Jamie. The officer simultaneously prepared a written report (hereinafter "the Report") detailing the questions he asked Jamie, and her responses thereto. ***See*** PCRA Petition, 3/17/10, Exhibit B. Contrary to Jamie's statements made in the Affidavit, she stated in the Report that Richburg had contacted her via Richburg's brother (Jamie's boyfriend at the time and current husband), and instructed her to provide a false alibi for Richburg. ***See id.*** at p. 3 (wherein Jamie stated, *inter alia*, that "[i]t was [Richburg] who told me to lie[,] and "I was told to tell [the police] the time of when I was with [Richburg, *i.e.*, on the morning of the murder,] and the length of time I was supposed to be with him.").

Next, Richburg maintains that the PCRA court erred by denying his PCRA Petition without conducting an evidentiary hearing, wherein the court could have considered the alibi testimony of Jamie. Brief for Appellant at 15-16.

> The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion

to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Wah**, 42 A.3d at 338 (citations and brackets omitted).

This claim does not entitle Richburg to relief because, as discussed above, his ineffectiveness challenge concerning Jamie is patently frivolous. **See id.**; **see also** Pa.R.Crim.P. 907(1).

Because we conclude that the PCRA court neither abused its discretion nor committed an error of law by denying Richburg's first PCRA Petition without a hearing, we affirm the Order on appeal.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015

- 5 -

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY **FILED**
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

AUG 14 2014

Criminal Appeals Unit
First Judicial District of PA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| vs. | : |
| | : NOS.: CP-51-CR-0809151-2005 |
| EMERSON RICHBURG | : |
| | : |

## OPINION

Defendant, Emerson Richburg, appeals from this Court's order dated June 25, 2014, denying him relief pursuant to the Post-Conviction Act, (PCRA) 42 Pa.C.S. §9541 *et seq.*, without a hearing. By way of background, defendant was convicted in October of 2006 of first-degree murder, unlawful restraint, and abuse of corpse generally, following a jury trial presided over by this Court. On December 7, 2006, this Court sentenced defendant to life imprisonment on the murder bill and also imposed a consecutive sentence of one to two years' incarceration on the abuse of corpse charge. A verdict without further penalty was imposed on the unlawful restraint charge. Defendant filed a post-sentence motion following the imposition of sentence. It was denied by operation of law on April 16, 2007.

Defendant thereafter filed a notice of appeal to the Superior Court. On August 28, 2008, the Superior Court affirmed the judgment of sentence. Commonwealth v. Richburg, 1268 EDA 2007. Defendant then filed a petition for allowance of appeal in the Pennsylvania Supreme Court. On January 27, 2009, the Supreme Court denied the petition. (512 EAL 2008).

1

Defendant filed a timely *pro se* petition under the PCRA on March 17, 2010. Counsel was appointed to represent him and on January 10, 2014, counsel filed an amended petition. As noted above, on June 25, 2014, this Court, having sent defendant a Pa.R.Crim.P. 907 notice, issued an order denying him PCRA relief. Subsequent thereto, defendant filed a notice of appeal along with a requested Pa.R.A.P. 1925(b) statement.

The charges filed against defendant arose out of an incident that occurred in February of 2005. According to the evidence, defendant beat Ms. Javon Connor to death after she accused him of touching her inappropriately. He had been heard saying that he was going to assault her after hearing of Ms. Connor's intention to report what he had done to her.

Ms. Connor was observed entering defendant's residence on February 14, 2005, but no one saw her leave. Her body was found wrapped inside an abandoned rug found in the basement of an abandoned house. Evidence connecting defendant to the murder was found both in the rug and in defendant's residence.

Following the incident, defendant assaulted his girlfriend, Tanika Pagan. In a statement to police, Ms. Pagan told police that defendant admitted to her that he killed Ms. Connor. In confessing to the crime to Ms. Pagan, defendant related facts only Ms. Connor's killer would have known.

In his 1925(b) statement, defendant raises two related issues. He first issue asserts that this Court erred by not granting him relief on a claim that trial counsel was ineffective for failing to call Jamie Richburg as an alibi witness. Defendant further contends that this Court erred by not granting him an evidentiary hearing on his first claim.

2

In reviewing the propriety of a PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. Commonwealth v. Holmes, 905 A.2d 707, 509 (Pa. Super. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claims are patently frivolous and is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

Pennsylvania law presumes counsel is effective and therefore, the burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to employ during litigation. Commonwealth v. Choi Chun Lam, 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall, 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not

3

be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell, 724 A.2d 293, 311 (Pa. 1999).

In order to establish that trial counsel's representation was deficient, a defendant must establish all of the following three elements, as set forth in Commonwealth v. Charles Pierce, 527 A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic, which trial counsel failed to use at trial and which is the basis of the ineffectiveness claim, is of arguable merit. Commonwealth v. Balodis, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which trial counsel failed to use at trial is of arguable merit, then the "reasonable basis" test is applied to determine if the course of action chosen by trial counsel was designed to effectuate his or her client's interest. Id. With regard to the second element, defendant must prove that "an alternative [action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." Chmiel, 30 A.3d at 1127, citing Commonwealth v. Williams, 899 A.2d 1060, 1064 (Pa. 2006) (alteration added). To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Chmiel, 30 A.3d at 1127-28, citing Dennis, 950 A.2d at 954.

Further, "[i]f it is clear that if a defendant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." Commonwealth v. Rios, 920 A.2d 790, 799 (Pa. 2007), citing Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998). A PCRA proceeding requires a defendant to establish that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Rios, 920 A.2d at 799, citing Commonwealth v. Michael Pierce, supra, 786 A.2d 203, 221–22 (Pa. 2001); Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999).

Applying the foregoing to defendant's first claim, it is clear that no error was committed by denying defendant relief thereon. According to an affidavit provided by Ms. Richburg, she drove to defendant's residence on February 14, 2005, between 8:00 and 8:30 a.m., so that he could take her to purchase some marijuana. Defendant then accompanied her to a store and then to someone's residence where defendant purchased two bags of marijuana. She then drove him back to his home and then departed after speaking to defendant for a couple of minutes inside her car.[1]

The decision to deny defendant relief on this claim should be affirmed because Ms. Richburg's affidavit fails to provide evidence of an alibi. An alibi is a defense that places a defendant at the relevant time at a place different than the scene of the crime and so far removed therefrom as to render it impossible for him to be the guilty. Commonwealth v. Jones, 602 A.2d 820 (Pa. 1997). Although Ms. Richburg avers that

---

[1] To prevail on a claim that trial counsel was ineffective for failing to call an alibi witness, a defendant must show that trial counsel knew that the alibi witness existed and must prove that the alibi testimony would have been beneficial in establishing his defense. See Commonwealth v. Williams, 418 A.2d 499, 503 (Pa. Super. 1980). It is noted that in her affidavit, Ms. Richburg indicated that she contacted defendant's trial prior to trial and that she was available to testify at defendant's trial.

5

she saw defendant the morning the killing allegedly occurred, her anticipated testimony does not render it impossible for defendant to have committed the crime. First, she failed to state with certainty the time she arrived at defendant's residence. She also indicated that she did not enter the residence and that defendant told her to wait in the car until he was ready to leave. It is reasonably conceivable that the victim had already been killed when Ms. Richburg arrived and that defendant had already placed her body in the basement given that a witness saw the victim enter defendant's residence as early as 8:00 a.m.

This claim was correctly rejected for a second reason. During defendant's trial defendant was asked if he wanted any witnesses called in his defense and he indicated that he did not. (N.T. 10/18/06, 69). The Pennsylvania Supreme Court has held that, "a defendant who makes a knowing, voluntary, and intelligent decision concerning trial strategy will not later be heard to complain trial counsel was ineffective on the basis of that decision. Commonwealth v. Paddy, 800 A.2d 294, 316 (Pa. 2002), citing Commonwealth v. Abu-Jamal, 720 A.2d 79, 93 (Pa. 1998). To do otherwise, "would allow a defendant build into his case a ready-made ineffectiveness claim to be raised in the event of an adverse verdict." Paddy, supra, citing Commonwealth v. Szuchon, 484 A.2d 1365, 1376 (Pa. 1984). In Paddy, the defendant, as the defendant currently alleges here, complained about trial counsel's ineffectiveness for failing to call alibi witnesses, which led the court to hold that defendant's ineffectiveness claim fundamentally failed because it was his as well as trial counsel's decision not to call the alibi witnesses. Paddy, supra. The trial court in Paddy conducted a colloquy to determine whether defendant understood his right to call the alibi witnesses and whether he knowingly waived his

6

right. Id. The court concluded that his decision was not unknowingly, involuntarily, or unintelligently made. Id.

Likewise, in this case, this Court conducted a colloquy of defendant to determine whether he was aware of his right to call the alibi witnesses and whether he wished to waive his right. As noted above, defendant indicated that he did not.[2] Defendant cannot now refute what he said in open court and thus, it is suggested that the denial of relief with respect to this claim be affirmed for the reasons stated.  See Paddy, supra. See also Rios, 920 A.2d at 803-804 (holding that counsel was not ineffective for failing to call alibi witnesses because defendant advised court that he did not want them called to testify).

Regarding defendant's second claim, because defendant's ineffectiveness claim lacks merit on its face, this Court did not commit any error by denying defendant PCRA relief without first holding a hearing. Pa.R.Crim.P. 907(1) states:

> "the [trial] judge shall promptly review the [PCRA] petition . . . If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition . . . ."

Further, Rule 907 allows a judge to dismiss a PCRA petition without a hearing if: 1) the petition is patently frivolous and without support in the record; or 2) the facts alleged therein would not, even if proven entitle the defendant to relief. Pa. R. Crim. P. Rule 907 cmt. on Rule 907(1); see also Commonwealth v. Box, 451 A.2d 252 (Pa. Super. 1982), citing Commonwealth v. Sherard, 394 A.2d 971 (Pa. 1978) (finding that an

---

[2] Notably, defendant neither mentioned the waiver colloquy nor argued that it was invalid in either his *pro se* petition or in his amended petition.

evidentiary "hearing may be denied if a petitioner's claim is patently frivolous and the record or evidence would not entitle the petitioner to relief"). Thus, a petitioner's right to an evidentiary hearing on a post-conviction petition is not absolute. Box, supra, citing Commonwealth v. Cimaszewski, 339 A.2d 95 (Pa. Super. 1975).

Instantly, the record herein belies defendant's claim that this Court erred in failing to hold an evidentiary hearing on his claim that trial counsel was ineffective for failing to present the testimony of defendant's alibi witness. As the discussion of defendant's first claim demonstrates, defendant's purported alibi witness does not provide him with an alibi and, moreover, it was defendant's decision not to any evidence in his defense. Thus, the record supports the denial of defendant's petition without a hearing and because this Court's order is otherwise free of legal error based on defendant's failure to prove that his ineffectiveness claim had any merit, see Commonwealth v. Blackwell, 647 A.2d 915 (Pa. Super. 1994), defendant's second claim should be rejected as well.

## CONCLUSION

Based on the foregoing, this Court suggests that the order denying defendant PCRA relief be affirmed for the reasons stated above.

By the Court,

DATE: 8/11/14

Honorable Jeffrey P. Minehart

8