391 A.2d 1316

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Earl Eugene BOX, Appellant.**

Supreme Court of Pennsylvania.

Argued May 25, 1978.

Decided Oct. 5, 1978.

Charles O. Barto, Jr., Harrisburg, for appellant.

LeRoy S. Zimmerman, Jr., Dist. Atty., Gaylor Dissinger, Deputy Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM:

Appellant was convicted of murder of the second degree and two counts of robbery on charges arising from the September, 1974 hold-up of a tavern in Steelton, Dauphin County. Following post-trial motions, appellant was sentenced to life imprisonment for the murder conviction and ten to twenty years' imprisonment for each robbery conviction. The three sentences are to be served consecutively. He appeals the judgments of sentence.

Appellant alleges the following errors by the trial court: denial of a change of venue; denial of appointment (at public expense) of an investigator, a psychologist and a

psychiatrist; rejection of proposed questions for voir dire; conducting individual voir dire in the presence of all veniremen; denial of pretrial discovery; refusing to order appellant's release from "isolation" at the county prison; denial of motion for a mistrial on the grounds of incompetent testimony; denial of a mistrial because of unusual conduct by a juror; denial of appellant's demurrer; admitting into evidence photographs of the victim; denial of a continuance sought for the purpose of locating a material witness, and denial of a motion to dismiss on the grounds of prejudicial publicity during the trial.

Appellant's contentions are without merit.

Judgments of sentence affirmed.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice, dissenting.

I dissent. Appellant argues that he is entitled to a new trial because of prejudice caused by photographs introduced into evidence at trial. For the reasons stated in my dissenting opinion in *Commonwealth v. Wade*, 480 Pa. 160, 389 A.2d 560 (1978), (dissenting opinion of Manderino, J.), I agree. As part of a series of photographs depicting the crime scene, the prosecution introduced two photographs in which the body of the victim was exhibited, and the gunshot wounds causing death were readily visible.

Photographs depicting the lifeless body of the victim of a crime are *per se* inflammatory and likely to so affect the jury that they should be admitted into evidence only if they are shown by the prosecution to be of essential evidentiary value. Here, the prosecution contends that the photographs were necessary to establish that appellant intended to kill the deceased, (thus establishing one of the elements of murder in the first degree, for which appellant had been charged). The purpose of introducing the photographs was to show the use of a deadly weapon on a vital part of the body, a fact from which the jury, according to the prosecution, could infer intent to kill. Even if we assume that

intent to kill can be inferred solely from the fact of the use of a deadly weapon on a vital part of the body (an assumption which I make here *only* for the purposes of analysis), the photographs at issue were not necessary to establish that fact. Obviously, the nature and number of the wounds could have been established equally well through the testimony of the medical examiner who performed the autopsy and determined that the wounds caused the victim's death. In this way the prosecution could have presented everything it sought to establish without causing the prejudice that introduction of the photographs entailed. I would therefore reverse the judgment of sentence and remand for a new trial.