451 A.2d 252

**COMMONWEALTH of Pennsylvania**

**v.**

**Earl Eugene BOX, Appellant.**

Superior Court of Pennsylvania.

Submitted March 24, 1982.

Filed Oct. 1, 1982.

82

Larry E. Stone, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

ROWLEY, Judge:

On September 22, 1975, appellant was convicted, after a jury trial, of murder in the second degree and two counts of robbery. He was sentenced to life imprisonment for the murder conviction and ten to twenty years imprisonment for each robbery conviction; the three sentences to be served consecutively. The judgment of sentence was affirmed in *Commonwealth v. Box,* 481 Pa. 62, 391 A.2d 1316 (1978). During both his trial and appeal, appellant was represented by Charles O. Barto, Jr., Esquire.

On December 6, 1979, appellant filed a petition for relief under the Post-Conviction Hearing Act (PCHA).[1] On January 28, 1981, appellant's petition was denied without a hearing. This appeal followed.

1. Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580 (1965), § 1 et seq., 19 P.S. § 1180–1 et seq., repealed, Act of April 28,

Two issues are raised on appeal: 1) Was trial counsel ineffective in failing to file a pre-trial motion to suppress evidence and in failing to seek a charge to the jury on voluntary manslaughter?; and 2) Was appellant denied a fair trial by the introduction of evidence of unrelated offenses?

The right to an evidentiary hearing on a PCHA petition is not absolute. *Commonwealth v. Cimaszewski,* 234 Pa.Super. 299, 339 A.2d 95 (1975). A hearing may be denied if petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. 19 P.S. § 1180–9. A PCHA petition may not be summarily dismissed, however, as "patently frivolous" when the facts alleged in the petition, if proven, would entitle petitioner to relief. *Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978). We have concluded that by this standard appellant's claims are not "patently frivolous." Therefore, we will remand for an evidentiary hearing on appellant's petition.

Appellant initially alleges that he was denied effective assistance of counsel. In reviewing allegations of ineffective assistance, the court must first determine whether the issue underlying the claim is of arguable merit. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

In his supplemental petition, appellant first alleges that counsel was ineffective in failing to file a motion to suppress evidence obtained as a result of an alleged illegal search of appellant's dwelling. The Commonwealth argues that this issue is without merit because appellant did not have standing to challenge the search. The Commonwealth bases its argument on a statement made by appellant during his trial testimony. When asked if he lived at the apartment in question, appellant replied, "I used to go there, in and out,

1978, P.L. 202, No. 53, § 2(a) (1397) effective June 27, 1980, *as amended* by Act of June 26, 1980, P.L. 265, No. 77, § 2 delaying repeal until June 27, 1981, as further amended by the Act of June 26, 1981, P.L. 123, No. 41 § 1 delaying repeal until June 26, 1982, *repealed* by Act of May 13, 1982, P.L. 587, No. 1982–122, § 3, *replaced* by 42 Pa.C.S. § 9541 et seq.

you know, but I never lived there." We cannot determine, from that statement alone, that appellant lacked a sufficient interest in the premises to challenge the search. In his supplemental petition, appellant appears to allege a possessory interest since he characterizes the apartment as "his dwelling." Therefore, we cannot say, on the basis of the record before us, that appellant's claim is *clearly* without merit.

Appellant next alleges that counsel was ineffective in failing to request a charge on voluntary manslaughter. Appellant, at the time of his trial, was entitled to such a charge, on request, regardless of the evidence presented or of his defense. *Commonwealth v. Manning,* 477 Pa. 495, 384 A.2d 1197 (1978); *Commonwealth v. Jones,* 457 Pa. 563, 319 A.2d 142 (1974), *cert. denied,* 419 U.S. 1000, 95 S.Ct. 316, 42 L.Ed.2d 274 (1974). Therefore, this issue is of arguable merit.

However, to say that the issues are of arguable merit if the facts alleged are proven is not to conclude that counsel was *per se* ineffective in not raising them. *Commonwealth v. Sherard,* 483 Pa. at 194, 394 A.2d at 977. Counsel is deemed to be constitutionally effective if his conduct had some reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). In this case, however, we cannot determine if such a reasonable basis existed since the record contains no evidence with regard to counsel's reasons for not moving to suppress the evidence or for failing to request an instruction on voluntary manslaughter.[2] Appellant should be given an opportunity to prove, if he can, that no such reasonable basis existed. *See Commonwealth v. Sherard, supra.*

Appellant also alleges that certain evidence of unrelated robberies occurring during the three week period prior

**2.** The Commonwealth argues that it is "conceivable" that counsel did not request a manslaughter charge because he did not want "to implant in the minds of the jurors that anything less than an acquittal would be satisfactory." We can not, however, make such an assumption on the basis of this record.

to this crime was improperly admitted during his trial, thereby depriving him of due process of law.[3] This issue could have been raised on direct appeal. Therefore, it is waived for purposes of PCHA relief unless appellant establishes extraordinary circumstances justifying his failure to raise the issue post-trial. *Commonwealth v. Unger,* 494 Pa. 592, 432 A.2d 146 (1980). The discussion of this issue in a supplemental petition filed by appellant is phrased in terms of ineffective assistance of counsel. Ineffective assistance of counsel, if proven, would constitute "extraordinary circumstances" which would preclude a waiver. *Commonwealth v. Holmes,* 468 Pa. 409, 364 A.2d 259 (1976). The PCHA court must determine whether the issue of the admissibility of this evidence has been waived. *See Commonwealth v. Cimaszewski,* 234 Pa.Super. at 312, 339 A.2d at 97. To do so, it will be necessary to determine if counsel was ineffective in failing to raise this issue on direct appeal.

Order vacated and case remanded for further proceedings. Jurisdiction relinquished.

WICKERSHAM, J., did not participate in the consideration or decision of this case.

---

**3.** Contrary to appellant's allegations, counsel did object to the introduction of this evidence at trial. However, the issue was not raised in post-trial motions, nor was it pursued on appeal.