476 A.2d 977

**COMMONWEALTH of Pennsylvania**

v.

**Gerald L. SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 28, 1983.

Filed June 1, 1984.

Robert A. Longo, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before WICKERSHAM, MONTEMURO and MONTGOMERY, JJ.

PER CURIAM:

Gerald L. Smith, appellant herein, was convicted at a jury trial of theft by unlawful taking of property valued at more than $200.00 but less than $2,000.00. The jury verdict was rendered December 17, 1981 in a trial before the Honorable D. Richard Eckman with Robert D. Bacher, Esquire, Assistant Public Defender representing Gerald L. Smith. On March 17, 1982, Judge Eckman sentenced Smith to a term of imprisonment for not less than two and one-half (2½) nor more than five (5) years. At sentencing Smith again was represented by Mr. Bacher. No appeal was taken.

Thereafter, Smith filed a petition under the Post Conviction Hearing Act[1] in which he alleged his indigency and requested that counsel be appointed for him. In response thereto Judge Eckman appointed Robert A. Longo, Esquire. The Commonwealth filed an answer to the petition and by order of July 2, 1982 Judge Eckman declared the petition to be "patently frivolous" and dismissed the petition without a hearing.

We reverse and remand. Jurisdiction is relinquished.

1. 42 Pa.C.S.A., §§ 9541–9551, Act of May 13, 1982, P.L. 417, No. 122, § 2.

In his brief for appellant filed with this court, Robert A. Longo, Esquire asserts that he did not file an amended PCHA petition nor a supporting brief in the lower court for the reason that no trial transcript nor sentencing transcript was available to him in the court below. Mr. Longo notes, and we agree, that "It would have been extremely difficult for counsel to file an amended P.C.H.A. or to have the opportunity to explore all of the facts and legal basis for appellant's complaints, without the record to substantiate his arguments." Brief for Appellant, argument section.

In *Commonwealth v. Box*, 305 Pa.Super. 81, 451 A.2d 252 (1982), we said:

> The right to an evidentiary hearing on a PCHA petition is not absolute. *Commonwealth v. Cimaszewski*, 234 Pa.Super. 299, 339 A.2d 95 (1975). A hearing may be denied if petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. 19 P.S. § 1180–9. A PCHA petition may not be summarily dismissed, however, as "patently frivolous" when the facts alleged in the petition, if proven, would entitle petitioner to relief. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978).

*Id.*, 305 Pa.Superior Ct. at 84, 451 A.2d at 253.

In his *pro se* post conviction hearing act petition, appellant alleged various grounds including:

1. There was insufficient evidence to arrest him.

2. Ineffectiveness of counsel in failing to file motions and in failing to take adequate time to prepare defendant's case.

3. An allegation that defendant's trial lawyer advised him that if he would drop his appeal he would get "time served."

We have concluded that by the standards set forth in *Sherard, supra*, appellant's claims are not "patently frivolous." Therefore, we will remand for an evidentiary hearing on appellant's petition and since the trial record and sentencing record are now available we will further direct that appellate counsel file an amended PCHA petition on

behalf of petitioner and further direct that the hearing be conducted as to the allegations to be set forth in the amended PCHA petition.

Case remanded for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.

