J.S23045/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY GUESS, | : | |
| | : | |
| Appellant | : | |
| | : | No. 3092 EDA 2015 |

Appeal from the PCRA Order September 30, 2015
in the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0009813-2008

BEFORE: PANELLA, OTT, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED APRIL 14, 2016**

*Pro se* Appellant, Larry Guess, appeals from the order dismissing as untimely[1] his serial *pro se* petition filed pursuant to the Post Conviction Relief Act[2] ("PCRA"). Appellant claims that the petition was timely filed under the PCRA's exception in 42 Pa.C.S. § 9545(b)(1)(iii), following the

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that in the PCRA court's September 30, 2015 order, the court states that it is dismissing the PCRA petition for the reasons set forth in its August 31, 2015 order. The August 31st filing was the notice of intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. In the notice, the court determined that the petition was untimely. The PCRA court refers to the instant petition as Appellant's second petition. However, the court corrects this error in the September 30th order, indicating that it is dismissing Appellant's third PCRA petition. ***See*** Order, 9/30/2015. Appellant filed his first PCRA petition on June 9, 2011. The second PCRA petition was filed on May 16, 2013 and the instant PCRA petition on August 13, 2015.

[2] 42 Pa.C.S. §§ 9541-9546.

decision of the United States Supreme Court in ***Johnson v. United States***, 135 S. Ct. 2551 (2015). We affirm.

We adopt the facts and procedural history set forth in the PCRA court's opinion. ***See*** PCRA Ct. Op., 11/24/15, at 1-5. Appellant filed a court ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court filed a responsive opinion.

After a careful review of the parties' arguments, the record, and the decision of the Honorable Steven T. O'Neill, we affirm on the basis of the PCRA court's opinion. ***See id.*** at 5-9 (holding Appellant failed to timely file instant petition and invoke exception to PCRA time-bar; ***Johnson*** not retroactive; Appellant not sentenced under federal statute).[3] Having discerned no abuse of discretion or error of law, we affirm the order below. ***See Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267-68 (Pa. 2008).

Order affirmed.

---

[3] We note that the PCRA court stated that Appellant "had one year, until August 5, 2012 . . . to file for [PCRA] review." ***Id.*** at 7. However, August 5th fell on a Sunday. Therefore, Appellant had until August 6, 2012 to file for PCRA review. ***See*** 1 Pa.C.S. § 1908 (providing that when last day of any period of time referred to in any statute falls on Saturday, Sunday or legal holiday, such day shall be omitted from computation); ***In re Nomination Papers of Lahr***, 842 A.2d 327, 333 n.6 (Pa. 2004) ("The courts have generally employed Section 1908 in circumstances that require counting forward[,]" including Rules of Criminal Procedure).

J.S23045/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2016

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | No. 9813-08 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| LARRY GUESS | : | |

### OPINION

**O'NEILL, J.**                                                          **NOVEMBER 23, 2015**

Defendant, Larry Guess, appeals *pro se* from the Order dated September 30, 2015, dismissing his third Post Conviction Relief Act ("PCRA") Petition without a hearing. For the reasons set forth below, the Order should be affirmed.

## I.    FACTS AND PROCEDURAL HISTORY

The relevant facts were set forth by this Court's Opinions written to the Superior Court on March 30, 2012 and November 12, 2013 as follows:

> On August 28, 2008, Brandon Krupka was a resident of apartment M-101 at Wissahickon Apartments, 757 East Main Street, Lansdale, Montgomery County. (N.T., 11/04/09, p. 77) At approximately 12:22 p.m., while lying in bed watching television, he heard a knock at the front door, which was secured with a doorknob lock and deadbolt. (N.T., 11/04/09, pp. 77, 79)

> As Krupka walked down the hallway toward the door, he heard the doorknob "jingle" and saw "pressure being put on the door like someone was trying to elbow – like pry their way into the door." (N.T., 11/04/09, p. 78) Believing someone was trying to get into the apartment, Krupka ran back into his bedroom and grabbed a baseball bat. (N.T., 11/04/09, p. 79) He then stood away from the door and watched as it shook for about 10 to 15 seconds. (N.T., 11/04/09, p. 79)

Once the shaking stopped, Krupka walked to the door and looked out the peephole. From that vantage point, he could hear the same activity occurring at the apartment next door. (N.T., 11/04/09, p. 80) He then saw two black males in the hallway walk away from the next door apartment. Krupka observed one of the males wearing a white t-shirt, and the other wearing a black jacket. (N.T., 11/04/09, pp. 80, 84, 96)

Continuing to look through the peephole, Krupka observed the two males knocking on doors, turning the knobs and trying to "nudge" their way into other apartments. (N.T., 11/04/09, pp. 80-81) In all, Krupka observed the two males unsuccessfully attempt to gain access to at least three other apartments. Krupka telephoned 911 after he saw the two men attempt to enter the third apartment. (N.T., 11/04/09, p. 85)

Within 10 minutes of the call, Lansdale police, including plain-clothes Detective Justin DiBonaventura, responded to a report of a burglary in progress at the apartment complex. (N.T., 11/04/09, pp. 88, 99) The suspects were described in the report as two black males, one wearing a white t-shirt, and the other wearing a black jacket. (N.T., 11/04/09, p. 99) They reportedly had last been seen in the area of the "M" building. (N.T., 11/04/09, p. 99)

Detective DiBonaventura positioned himself outside "M" building near his unmarked vehicle and a marked police cruiser while three uniformed officers went inside the building. Moments later Detective DiBonaventura saw two black males coming from a grassy area between buildings "M" and "N." (N.T., 11/04/09, pp. 102, 105) Both men had on white t-shirts, and one of the men had a dark jacket. (N.T., 11/04/09, p. 102) The men began to walk away "rapidly," looking back frequently in the direction of Detective DiBonaventura and "M" building. (N.T., 11/04/09, pp. 103-104) Detective DiBonaventura then drove his vehicle across the parking lot toward the suspects.

From inside his vehicle, Detective DiBonaventura identified himself as being with the Lansdale Police Department, and inquired of the two men whether [they] lived at the apartment. They responded that they did not live there, but were on the premises to visit a friend. (N.T., 11/04/09, p. 107) The two men were not able, however, to identify any friend living at the apartment complex. (N.T., 11/04/09, p. 108)

2

Detective DiBonaventura eventually exited his vehicle and asked the men if he could speak with them. During this interaction, Defendant dropped a credit card. (N.T., 11/04/09, p. 109) Detective DiBonaventura retrieved the card, which bore the name Ramana Kumar.

After Defendant dropped the credit card, both men were patted down. (N.T., 11/04/09, p. 111) The police retrieved various pieces of jewelry from Defendant's pockets. (N.T., 11/04/09, pp. 111-112) Defendant and the other male, Kevin Jordan, subsequently were arrested.

At a jury trial that commenced on November 4, 2009, Defendant stood accused of Burglary (Apt. M-204), Criminal Conspiracy (Burglary), Criminal Attempt (Burglary – Apt. M-101), Possession of an Instrument of Crime (Plastic Hotel Placards), Criminal Trespass (Apt. M-204), Theft by Unlawful Taking (Credit Card of Ramana Kumar), Identity Theft and Receiving Stolen Property (Credit Card of Ramana Kumar). Krupka and Detective DiBonaventura testified to the previously detailed events.

Kumar, who lived in apartment M-204 on the day in question, and whose credit card Defendant had dropped, also testified at trial. He stated that he was at work around the time of the incident. (N.T., 11/04/09, p. 128) Prior to leaving his apartment that morning, he locked the door by using the doorknob lock only, as was his habit, and not with the deadbolt. He had not given anyone permission to be in his apartment. (N.T., 11/04/09, pp. 128, 137) The credit card dropped by Defendant was one Kumar did not regularly use, but kept in a drawer in his bedroom. (N.T., 11/04/09, p. 134)

On November 5, 2009, the jury found Defendant guilty of all charges, with the exception of the offense of Identity Theft, which this court had dismissed at the close of the evidence. On January 15, 2010, this court sentenced Defendant to a term of 25 to 50 years imprisonment. Defendant, through trial counsel, filed a timely post-sentence motion, attacking the sufficiency and weight of the evidence produced by the Commonwealth. This court denied the post-sentence motion in an Order dated January 25, 2010.

Defendant filed a direct appeal to the Superior Court on February 4, 2010. The Superior Court affirmed the judgment of sentence on December 2, 2010, and our Supreme Court denied a Petition for Allowance of Appeal on May 5, 2011.

3

On June 9, 2011, Defendant filed a *pro se* Motion for Post-Conviction Collateral Relief. This court subsequently appointed Ethan O'Shea, Esquire to serve as PCRA counsel. Defendant, through counsel, filed an Amended Petition for Post-Conviction Relief on December 28, 2011.

After a hearing, this court denied the Amended Petition in an Order dated January 9, 2012. On January 23, 2012, PCRA counsel filed a Petition to Withdraw. This court issued an Order dated January 25, 2012, holding in abeyance a decision on the Petition pending the filing of a Notice of Appeal and a *Grazier* hearing to determine whether Defendant wanted to proceed on appeal without counsel.

On February 2, 2012, PCRA counsel filed a timely Notice of Appeal with the Superior Court. This court then held a *Grazier* hearing on February 13, 2012, at the conclusion of which Defendant stated his desire to continue to proceed on appeal with counsel. Defendant, through counsel, subsequently complied with this court's directive that he produce a statement of errors in conformance with Pennsylvania Rule of Appellate Procedure 1925(b).

Thereafter, on September 13, 2012, the Superior Court affirmed the trial court's denial of Defendant's first petition pursuant to the Post Conviction Relief Act. Defendant filed a *pro se* second PCRA petition on May 16, 2013. After a review of the record, this Court sent Defendant a Notice of its intent to dismiss his PCRA petition without a hearing. Defendant filed a response to the Notice on July 11, 2013 in the form of a "Petitioner Motion for Reconsideration." Subsequently, on August 19, 2013, this Court denied the PCRA petition without a hearing.

Trial Court Opinion, 11/13/13 pp. 1-4 (quoting Trial Court Opinion, 3/30/12 pp. 1-5) (footnotes omitted)).

The Defendant appealed the dismissal of his second petition. On July 3, 2014, the Superior Court affirmed the dismissal of the Defendant's second petition, finding that it was untimely filed and did not satisfy any exception to the time bar.

On or about August 13, 2015, the Defendant filed a third PCRA petition alleging a constitutional violation. After a review of the record, on August 31,

4

2015, this Court sent the Defendant a notice of intent to dismiss his petition without a hearing. By Order of September 30, 2015, this Court dismissed the Defendant's petition. This appeal followed. On October 14, 2015, this Court ordered the Defendant to produce a Concise Statement of Errors; the Defendant has since complied with this directive.

## II. ISSUES

Defendant raises the following issue in his Concise Statement:

1. With regards to the instant appeal[,]Appellant argues that recent United States Supreme Court ruling in Johnson v. United States, holds that the residual clause is unconstitutional for three prior conviction(sic) for a violent felony under which appellant is sentenced. The above said case applies retroactively which enables appellant to over come (sic) the one-year time limitation set forth by 42 Pa.C.S.A. (b)(1) and[,] therefore[,] appellant contends that his claim under the new holding should have been consider[ed] on its merits in the courts below.

## III. DISCUSSION

A petition for post-conviction collateral relief may be dismissed without a hearing when there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. Pa.R.Crim.P. 907. Furthermore, "[t]he right to an evidentiary hearing on a post-conviction petition is not absolute." Commonwealth v. Granberry, 644 A.2d 204, 208 (Pa. Super. 1994) (citing Commonwealth v. Box, 451 A.2d 252 (Pa. Super. 1982)). A hearing may be denied if a petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. Id.

Additionally, 42 Pa.C.S. §9545(b)(1) dictates that any PCRA petition shall

5

be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

"The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither [the Superior] Court nor the [PCRA] court has jurisdiction over the petition." Commonwealth v. Lewis, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (citing Commonwealth v. Chester, 895 A.2d 520, 522 (Pa. Super. 2006)). Moreover, without jurisdiction, there is no legal authority to address the substantive claims. Id.

Pursuant to §9545(b)(3), the one-year period in which to file a petition under the PCRA begins to run upon the conclusion of direct review. Commonwealth v. Banks, 726 A.2d 374, 375 (Pa. 1999). Defendant was convicted and then sentenced on January 15, 2010. The Superior Court affirmed, and the Supreme Court of Pennsylvania denied discretionary review on May 5, 2011. Therefore, Defendant's judgment became final on August 5, 2011, after he did not seek certiorari within ninety days pursuant to United

6

States Supreme Court Rule 13. He then had one year, until August 5, 2012, per §9545(b)(1), to file for Post Conviction Relief Act review. The instant, third Petition was filed August 13, 2015, approximately three years beyond the time limitation. Therefore, he must satisfy one of the time-bar exceptions before this court can review his substantive claims.

While the Defendant does not specify which exception he believes he has met, it appears from his filings that he is attempting to satisfy the exception found in §9545(b)(1)(iii). The Defendant relies on Johnson v. United States, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), to support his claim that he has satisfied an exception to the time bar. He is mistaken. Pennsylvania courts have stated, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition." Commonwealth v. Taylor, 933 A.2d 1035, 1042 (Pa. Super. 2007)(quoting Commonwealth v. Abdul-Salaam, 571 Pa. 219, 227, 812 A.2d 497, 501 (2002)).

In Johnson, the Supreme Court held that that residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" was unconstitutionally vague and therefore violative of Johnson's due process rights. Id. The residual clause of the ACCA defines "violent felony" as "burglary, arson, extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C.A. §925(e)(2)(B)(ii)(emphasis added). The Court found that the italicized

7

language "violates the Constitution's guarantee of due process...*Today's decision does not call into question the application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.*" Johnson, 135 S.Ct. at 2563 (emphasis added). However, the Supreme Court did not address the retroactive application of their holding and the Third Circuit has yet to address this issue. Therefore, the Defendant cannot satisfy the exception to the time bar found in §9545(b)(1)(iii) and the Court is without jurisdiction to address the merits of his claim.

Furthermore, even if Johnson is found to apply retroactively, the Defendant was not sentenced under this federal statute. The Pennsylvania statute under which the Defendant was sentenced, which has not been found to be unconstitutional, does not contain similarly vague language, but rather a list of clearly enumerated crimes of violence. 42 Pa. C.S.A. §9714(g). Instantly, the Defendant was convicted of attempted burglary, with a person present, which is one of the enumerated crimes in §9714(g). In imposing a mandatory minimum sentence for a third strike offender, this Court found that the Defendant had a prior conviction for murder, which is clearly a crime of violence. N.T., 1/15/10 pg. 28. This Court also found that the Defendant had a prior conviction for robbery, which is also one of the enumerated crimes of violence in §9714(g). Id. at 29. Therefore, because the Pennsylvania statute creates no uncertainty about whether the crimes committed by the Defendant constitute "crimes of violence," he is not entitled to relief based on Johnson.

Because his second PCRA petition is untimely and he has failed to

8

establish that any exceptions to the time-bar apply, this Court does not have jurisdiction to address the substantive claims raised therein. Defendant's claim is meritless and an evidentiary hearing would have been frivolous and unnecessary. Therefore, the court did not err in denying Defendant's petition without a hearing.

## IV. CONCLUSION

Based upon the foregoing, the Order should be affirmed

**BY THE COURT:**

**STEVEN T. O'NEILL     J.**

Copies mailed on 11/24/15
to the following:
Robert Falin, Esq. (District Attorney's Office)
Larry Guess, #JJ7498, SCI Somerset, 1600 Walters Mill Rd. Somerset, PA 15510-0001

Secretary

9