J-S46025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTONIO SANTOS VALLE | |
| Appellant | No. 3203 EDA 2015 |

Appeal from the PCRA Order September 30, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008372-2010

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                                  **FILED JULY 06, 2016**

Antonio Santos Valle appeals *pro se* from the order entered September 30, 2015, in the Court of Common Pleas of Montgomery County, that dismissed, as untimely, his petition for writ of *habeas corpus*, which the court properly treated as a third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.[1]  Valle seeks relief from the judgment of sentence to serve a term of one and one-half to seven years' imprisonment, imposed after he was found guilty by a jury of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The PCRA subsumes the remedy of *habeas corpus* where the PCRA provides a remedy for the claim. **See** 42 Pa.C.S. §  9542. In his petition, Valle challenges the validity of his convictions and the legality of his sentence.  Such claims are within the scope of the PCRA.  **See id.**

insurance fraud, and conspiracy to commit theft by deception.[2] Based on the following, we affirm upon the basis of the PCRA court's opinion.

The Honorable Steven T. O'Neill has aptly detailed the facts and procedural history relevant to this appeal, and therefore we need not reiterate the background of this case. *See* PCRA Court Opinion, 12/1/2015, at 1–4.[3, 4] Valle contends (1) the evidence was not sufficient to support his convictions, and (2) the sentence violates his due process rights against cruel and unusual punishment. *See* Valle's Brief, at 6.[5]

Our review of the record confirms that Judge O'Neill properly determined Valle's petition, filed August 13, 2015, was untimely, and that he failed to plead and prove any statutory exception to the PCRA's one year time bar. *See* PCRA Court Opinion, 12/1/2015 (explaining: (1) Valle's judgment of sentence became final in December 12, 2011,[6] and his August

---

[2] 18 Pa.C.S. §§ 4117(a)(2), (a)(3), and 903, respectively.

[3] We note that although the PCRA court's opinion states the present petition was filed on August 14, 2015, the PCRA court's docket reflects the petition was filed on August 13, 2015.

[4] Inexplicably, the brief submitted by the Office of the Attorney General provides a "Statement of Facts" that are clearly not the facts of the present case. *See* Appellee's Brief, at 3–4.

[5] Valle filed a Pa.R.A.P. 1925(b) statement in response to the PCRA court's order to file a concise statement. *See* PCRA Court Opinion, 12/1/2015, at 4.

[6] Following the imposition of sentence on November 10, 2011, Valle filed a *pro se* post sentence motion on November 18, 2011, challenging the ineffectiveness of trial counsel, which the trial court denied on November 30,
*(Footnote Continued Next Page)*

13, 2015 petition is filed more than two years beyond the time limitation, (2) Valle has made no attempt to plead and prove an exception to the PCRA time bar, and (3) the PCRA court is without jurisdiction to address his claims). In light of the PCRA court's sound discussion, no further comment is necessary, and we adopt the opinion of the PCRA court as dispositive of this appeal.

Order affirmed.[7]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2016


_(Footnote Continued)_ ───────────────

2011. Both the _pro se_ motion and order are considered legal nullities because counsel still represented Valle. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993) ("[T]here is no constitutional right to hybrid representation."). Therefore, Valle's judgment of sentence became final on Monday, December 12, 2011, upon expiration of the 30-day appeal period from the date of sentencing. **See** 1 Pa.C.S. § 1908 ("Computation of time").

[7] In the event of further proceedings, the parties are directed to attach the PCRA court's December 1, 2015, opinion to this memorandum.

- 3 -

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

      v.

ANTONIO S. VALLE

:
:
:
:
:
:
:
:
:

No. 8372-10

OPINION

O'NEILL, J.                                                               November ॐ, 2015

On October 8, 2015, the Defendant, Antonio S. Valle, filed a *pro se* "Petition for

Writ of Habeas Corpus" in Superior Court. On or about October 28, 2015, the

Superior Court entered an Order directing this Court to treat the filing as an appeal

from this Court's Order of September 30, 2015 dismissing his petition. For the

reasons set forth below, the September 30th Order should be affirmed.

## I.   BACKGROUND

The relevant facts and procedural history were outlined by this Court in its

Opinion to the Superior Court on August 2, 2013 as follows:

> On August 18, 2011, a jury found Defendant guilty of Count One -
> Insurance Fraud (false, incomplete, misleading information); Count Two -
> Insurance Fraud (assist, abet, solicit, or conspire); and Count Four -
> Criminal Conspiracy to Commit Theft by Deception of more than $2,000.
> These charges arose from the Defendant's attempt, with his girlfriend,
> Corazon Cabrera, to obtain vehicle insurance benefits that they were not
> entitled to from Allstate Insurance. On November 10, 2011, the Court
> sentenced Defendant to one and one-half to seven years in prison on
> Count Four, and a concurrent fifteen months to seven years on Count
> One. He filed a *pro se* Motion for a New Trial which was denied by this
> court. Defendant did not take a direct appeal from the judgment of
> sentence. However, he incorrectly filed a *pro se* Motion for Post-
> Conviction Collateral Relief with the Superior Court and they transferred
> it back to the trial court on October 11, 2012. In his Petition, Defendant

asserted that he is eligible for relief due to the imposition of an unlawful sentence greater than the lawful maximum, lack of jurisdiction, ineffective assistance of counsel, Constitutional violations, the availability of new evidence, and the obstruction by government officials of his appellate rights.

Scott C. McIntosh, Esq., was appointed to serve as PCRA counsel pursuant to an order issued on November 29, 2012. In a "no merit" letter dated February 13, 2013, and prepared in accordance with Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), PCRA counsel advised Defendant that, in his opinion, Defendant is not eligible for the PCRA relief alleged in his Petition. Accordingly, and after an independent review of the record, the trial court sent Defendant a notice of our intent to dismiss the PCRA Motion without a hearing pursuant to Pa. R. Crim. P. 907. After receiving pro se responses from Defendant on March 19, March 28, and April 22, 2013, this court dismissed his PCRA pursuant to an Order dated April 30, 2013.

Defendant then filed a "Post Conviction Collateral Relief Act-Amendment" on May 9, 2013, which this court denied as moot. A pro se Notice of Appeal was dated May 10, 2013 and docketed on June 11, 2013[1]. This court issued an Order on June 19, 2013, directing Defendant to file within twenty-one days a Concise Statement of Errors Complained of on Appeal. Defendant complied with that directive and filed his Statement on July 5, 2013.

Trial Court Opinion, Aug. 2, 2013 at 1-2.

On or about July 8, 2014, the Defendant filed a second PCRA petition. On or about August 7, 2014, the Superior Court dismissed the Defendant's appeal (1664 EDA 2013) for failure to file a brief. On or about August 27, 2014, the Court issued an order giving the Defendant notice of its intent to dismiss his second PCRA petition without a hearing because it was untimely filed. On or about September 11, 2014, the Defendant filed a "Response to Rule 907 Notice of Intention to Dismiss Petition to Amend PCRA Petition." By Order dated September 22, 2014, this Court dismissed the Petition. The

---

[1] The Notice of Appeal is dated May 10, 2013, and the United States Postage stamp indicates that the Notice was mailed from the prison on May 14, 2013.

2

Defendant did not appeal this Order.

On or about November 3, 2014, the Defendant filed a document styled "Reargument and Reconsideration Thus Appellant's Judgment of Sentence." On or about December 9, 2014, the Court denied this request. On or about January 14, 2015, the Defendant filed a Motion for Modification of Sentence, which this Court denied on January 20, 2015. On March 17, 2015, the Defendant filed a Petition for Writ of Mandamus, which was captioned as if filed with the Commonwealth Court. This Court dismissed the Petition by order of March 31, 2015. On or about June 9, 2015, the Commonwealth Court issued an order indicating that it lacked jurisdiction over Defendant's mandamus action and that the PCRA is the sole means for seeking collateral relief.

On or about August 14, 2015, the Defendant filed a *pro se* "Petition for Writ of Habeas Corpus." After determining that his claim falls within the scope of the PCRA[2], this Court issued an order on September 2, 2015 notifying the Defendant of its intention to dismiss his petition without a hearing. The Court entered an order dismissing the petition on September 30, 2015.[3]

On October 8, 2015, the Defendant apparently filed a "Petition for Writ of

---

[2] "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa. C.S.A. § 9542.

[3] A review of the Clerk of Courts internal docketing system, OnBase, revealed a document titled "Notice Not to Dis-Mis Pursuant to Rule C.R.P. 907 Motion to Modify and Correct Illegal Sentence Nunc Pro Tunc." This document itself is time stamped September 16, 2015, and the coversheet is timestamped September 25, 2015, however, the undersigned never received this document and it does not appear on the docket in CPCMS. In any event, this document provides no basis to warrant relief.

Habeas Corpus" in the Superior Court. On or about October 28, 2015, the Superior Court issued an Order directing this Court to treat the petition as a notice of appeal from the September 30, 2015 order dismissing his petition. In response, on October 30, 2015, this Court issued an order directing the Defendant to file a Concise Statement of Errors pursuant to Pa. R.A.P. 1925(b); the Defendant has since complied with this directive.

## II.    ISSUE

Defendant raises the following issues in his Concise Statement:

1. The Trial Court erred in whether the Judge had statutory Authorization (sic) to impose sentence and to hand down illegal an[d] unconstitutional sentence at the time of sentencing. Ineffective Counsel. The Court did not appoint Counsel After trial for Appellate Appeal. Newly discovered evidence.

2. Appellant respectfully requests that permission be granted to supplement this Statement of Matters Complained of on appeal, if necessary, once Appointed New Counsel.

## III.    DISCUSSION

The Defendant's petition is patently untimely, therefore, this Court is without jurisdiction to address the merits of his claims. A petition for post-conviction collateral relief may be dismissed without a hearing when there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. Pa.R.Crim.P. 907. Furthermore, "[t]he right to an evidentiary hearing on a post-conviction petition is not absolute." Commonwealth v. Granberry, 644 A.2d 204, 208 (Pa. Super. 1994) (citing Commonwealth v. Box, 451 A.2d 252 (Pa. Super. 1982)). A hearing may be denied if a petitioner's claim is patently frivolous and is without a trace of support either in the

4

record or from other evidence. Id.

Additionally, 42 Pa.C.S. §9545(b)(1) dictates that any PCRA petition shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

"The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither [the Superior] Court nor the [PCRA] court has jurisdiction over the petition." Commonwealth v. Lewis, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (citing Commonwealth v. Chester, 895 A.2d 520, 522 (Pa. Super. 2006)). Moreover, without jurisdiction, there is no legal authority to address the substantive claims. Id.

Pursuant to §9545(b)(3), the one-year period in which to file a petition under the PCRA begins to run upon the conclusion of direct review. Commonwealth v. Banks, 726 A.2d 374, 375 (Pa. 1999). The Defendant was sentenced on November 10, 2011. He did not file a direct appeal; therefore, his sentence became final on December 12, 2011. He then had one year, until December 12, 2012, per §9545(b)(1), to file for Post Conviction Relief Act review. The instant, third Petition was filed August 13, 2015, more than two years beyond the time limitation. The Defendant has made no attempt

5

to plead and prove that he satisfies any of the exceptions to the time bar; therefore, this Court is without jurisdiction to address his claims. Furthermore, in his concise statement, the Defendant raises incoherent or uncognizable claims which leave this Court unable to conduct any meaningful review.

## IV. CONCLUSION

Based upon the foregoing, the Order of September 30, 2015 should be affirmed.

BY THE COURT:

_____

STEVEN T. O'NEILL     J.

Copies mailed on 12/1/15
to the following:
Robert M. Falin, Esq. (District Attorney's Office)
Antonio S. Valle, #KK9061, SCI Fayette, PO Box 9999, LaBelle, PA 15450-1050 ✓
Clerk of Courts

_____
Secretary

6