J-S23024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDDY AKIENS | : | |
| | : | |
| Appellant | : | No. 1176 EDA 2019 |

Appeal from the PCRA Order Entered April 5, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1036601-1992

BEFORE:  NICHOLS, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McCAFFERY, J.:                    Filed: August 20, 2020

Freddy Akiens (Appellant) brings this counseled appeal from the order of the Philadelphia Court of Common Pleas dismissing his fifth petition for relief pursuant to the Post Conviction Relief Act (PCRA).[1]  As his petition is patently untimely and he has not established a basis for jurisdiction under the PCRA, we affirm.

Appellant presents two issues for our potential review: whether the PCRA court erred in dismissing this matter without a hearing, pursuant to Pa.R.Crim.P. 907, and whether a proposed witness affidavit is sufficient to establish an exception to the one-year time bar under the PCRA.[2]  Unless this Court answers the second question in the affirmative, there is no basis for

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Appellant's Brief at 2.  The PCRA court did not request a statement per Pa.R.A.P. 1925(b).

jurisdiction and we may not act except to affirm the PCRA court. Under 42 Pa.C.S. § 9543(a)(2)(vi), a petitioner must establish that his conviction (or sentence) resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). Under Section 9545(b)(1)(ii), a PCRA petitioner may file for relief after the general one-year time limit if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii).

Appellant was convicted by a jury of second-degree murder, robbery, conspiracy, and possession of an instrument of crime[3] (PIC). On May 31, 1994, the trial court entered a judgment of sentence of mandatory life imprisonment, with consecutive sentences of eleven and one-half to twenty-three months' imprisonment for PIC and 24 to 48 months' imprisonment for conspiracy.[4] The trial court summarized the facts as follows:

> On October 26, 1991, at about 4:00 a.m. at 1410 Erie Avenue [in Philadelphia], [Appellant], in concert with another, approached the victim, Victor Gale, a 19 year old black male, took his gold chain from around his neck, and shot him in the chest and arm with a handgun, and caused his death.
>
> The decedent had just left an after-hours club for young adults. He was waiting for a friend near Broad [Street] and Erie Avenue. There were approximately 250 to 300 other young adults

---

[3] 18 Pa.C.S. §§ 2502(b), 3701, 903(a), and 907(b), respectively.

[4] Judgment of sentence, 5/31/94.

in the immediate area at the time. The decedent was wearing a thick herring bone gold necklace when [Appellant] and another man approached him and began pulling on the gold necklace in an attempt to steal it. The decedent, when found dead by the police[,] was wearing an empty shoulder holster. As the decedent reached inside his coat, [Appellant] shot him in the chest and arm.

Trial Ct. Op., 7/14/94, at 1.[5]

As Appellant's petition is a "second or subsequent" one for purposes of Section 9545(b)(1), Appellant must establish the exception he pled in his petition, which is that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." **See** 42 Pa.C.S. § 9545(b)(1)(ii).[6] The PCRA court reports

---

[5] The extensive procedural history of this case continues as follows: this Court affirmed his judgment of sentence on direct appeal (**Commonwealth v. Akiens**, 2130 Philadelphia 1994, unpub. memo., Dec. 29, 1994) (no allocatur petition was filed). Appellant filed his initial PCRA petition on November 18, 1996, and this Court affirmed its dismissal (1015 Philadelphia 1998, unpub. memo., June 11, 1999); our Supreme Court denied his allocatur petition on January 27, 2000 (434 E.D. ALLOC (1999)). On April 19, 2000, Appellant filed his second PCRA petition; this Court affirmed its dismissal on December 20, 2002 (2848 EDA 2001) (no allocatur petition was filed). On September 24, 2004, Appellant filed his third PCRA petition; this Court affirmed its dismissal on March 2, 2006 (2655 EDA 2005) (no allocatur petition was filed). Appellant filed his fourth PCRA petition, styled as a petition for habeas corpus, on May 23, 2012; the PCRA court dismissed it on June 16, 2014, and no appeal was taken. Appellant has also pursued relief in the Eastern District of Pennsylvania under 28 U.S.C. § 2254. **See Akiens v. Wynder**, 2007 WL 1810687 (E.D.Pa. June 20, 2007) (not reported) (as his first habeas petition was dismissed without prejudice, Appellant did not need permission to file a second petition; as his claims are untimely, they must be dismissed); **Akiens v. Wynder**, 2014 WL 1202746 (E.D.Pa. March 24, 2014) (not reported) (motion for relief under F.R.C.P. 60(b) asserting retroactive application of **McQuiggin v. Perkins**, 569 U.S. 383 (2013), denied).

[6] Appellant also asserted before the PCRA court that his conviction resulted from government interference of his Sixth Amendment right to effective

that he provided two bases for establishing this exception to the time bar: witness Mark Linden's recantation and an affidavit from a potential new witness, Jerome Grady. PCRA Ct. Op. at 5. However, he raised Linden's recantation in his initial PCRA proceedings, and thus it may not support relief under this petition. *See* 42 Pa.C.S. § 9543(a)(3) (allegations of error that are previously litigated may not form the basis for PCRA relief). The PCRA court also notes that Appellant did not provide the date he learned that Grady was a potential eyewitness. *Id.* at 5. On this basis, the PCRA court found that Appellant's petition was untimely and meritless, and thus dismissed it. *Id.* at 7-8. The Commonwealth agrees with the PCRA court's analysis. *See* Commonwealth's Brief at 7.

Before this Court, Appellant argues that his **initial** PCRA petition was wrongfully dismissed without a hearing, and that his fifth PCRA petition was similarly dismissed prematurely, as both petitions raise a genuine issue of material fact per Pa.R.Crim.P. 907. Rule 907 allows PCRA courts to dismiss petitions without a hearing where a thorough review of the petition, answer, and other matters of record reveal that the petition raises no genuine issue of material fact. Pa.R.Crim.P. 907(1). Appellant asserts that Grady "only recently decided to come forward." Appellant's Brief at 12. Appellant further asserts that "[i]f the facts in [Grady's] affidavit are true, then [Appellant] is entitled to a new trial." *Id.* at 14.

---

assistance of counsel, but he declined to raise this argument on appeal. *See* PCRA Ct. Op., 8/13/19, at 3.

- 4 -

Our review of an order denying PCRA relief is well-established:

This Court examines PCRA appeals "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). Our "review is limited to the findings of the PCRA court and the evidence of record[.]" **Id.** Additionally, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." **Id.** In this respect, we will not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." **Id.** However, we afford no deference to its legal conclusions. **Id.** "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." **Id.** . . .

**Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*).

"No court has jurisdiction to review an untimely PCRA petition." **Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa. Super. 2019), **appeal denied**, 218 A.3d 850 (Pa. 2019). "The PCRA's time limitations 'are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits.'" **Commonwealth v. Lee**, 206 A.3d 1, 11 (Pa. Super. 2019) (*en banc*) (citations omitted).

Certainly we have no power to act on Appellant's assertion that his initial PCRA petition was wrongly dismissed without a hearing. That claim, which has already been before this Court and is thus previously litigated, is beyond our reach per 42 Pa.C.S. § 9543(a)(3).

All that remains is the question of whether the affidavit of Jerome Grady (Grady Affidavit) establishes an exception to the time bar. Appellant's petition alleges that Grady would testify that on the night of his death, Victor Gale was

ambushed by three males, none of whom was Appellant.[7] The affidavit is dated April 17, 2018.

The current iteration of Section 9545 became effective on December 24, 2018, but the affidavit predates its effective date, as does the petition to which it was appended. When Section 9545 was amended on October 24, 2018, it included language in chevrons specifying that "<Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days [Dec. 24, 2018] provides that the amendment of subsec. (b)(2) by that Act shall apply to claims arising on Dec. 24, 2017 or thereafter.>"[8] Thus, when it was filed, it was governed by the 60-day window of the prior iteration of Section 9545, but by the time the PCRA court dismissed it, it was governed by the subsequent iteration of Section 9545, with a one-year window for claims based on new evidence.

However, regardless of the time of filing, the petition can only raise a genuine issue of material fact if the evidence it offers would have resulted in a different verdict. To obtain relief under the PCRA based on after-discovered evidence, a petitioner must establish that the proffered evidence "(1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted." ***Commonwealth v.***

---

[7] Appellant's Petition, 6/11/18, at 2 (unpaginated).

[8] ***See*** Act of October 24, 2018, P.L. 894, No. 146, § 3.

- 6 -

*Pagan*, 950 A.2d 270, 292 (Pa. 2008), *citing* ***Commonwealth v. Randolph***, 873 A.2d 1277, 1283 (Pa. 2005); ***Commonwealth v. McCracken***, 659 A.2d 541, 545 (Pa. 1995). "A post-conviction petition may not be summarily dismissed . . . as 'patently frivolous' when the facts alleged in the petition, if proven, would entitle the petitioner to relief." ***Commonwealth v. Granberry***, 644 A.2d 204, 208 (Pa. Super. 1994), *citing* ***Commonwealth v. Box***, 451 A.2d 252, 253 (Pa. 1982). However, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008), *citing* ***Commonwealth v. Barbosa***, 819 A.2d 81 (Pa. Super. 2003); ***see also*** Pa.R.Crim.P. 907(2).

The Grady Affidavit suffers from a credibility problem. For instance, testimony at trial established that there were 250 to 300 people at the NA Club, the after-hours club that Victor Gale was leaving as he was shot. Yet the Grady Affidavit states unequivocally that "[Appellant] was not at the NA Club and was not present when Gale was shot." Grady Affidavit at 2 (unpaginated). The Grady Affidavit fails to explain how it is possible that Grady knew Appellant was not in such a large crowd. Moreover, Appellant fails to provide the date he learned that Grady allegedly witnessed the incident (or of the Linden recantation).

Appellant, like all PCRA petitioners asserting the existence of newly-discovered evidence, must detail the reasonable steps he took to protect his

own interests and explain why with due diligence he could not sooner have discovered this evidence. ***See Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008); ***see also Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (noting that rule is "strictly enforced"). This he has failed to do, and therefore no relief is merited. Grady's Affidavit states that "[w]hen I found out the police were looking for [Appellant], I talked to [Appellant] and told him that I had seen the shooting." Grady Affidavit at 2 (unpaginated). Grady says that he spoke to a private investigator employed by Appellant's trial counsel prior to trial. ***Id.*** Thus, it would be impossible to conclude that this affidavit and proposed testimony was somehow not discoverable by due diligence prior to the affidavit's date, over 20 years after Appellant's trial. Because Appellant cannot satisfy the exception to the time bar as he has not explained why he was not more diligent in pursuing Grady's potential testimony, his petition was rightly dismissed.

Appellant has not established a genuine issue of material fact, and has not established that his proffered "new" evidence was not discoverable before his trial. Therefore, the PCRA court correctly dismissed this petition without a hearing.

Order affirmed.

President Judge Emeritus Ford Elliott joins this memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/20/20