J-S36002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANNY JOHNSON, | : | |
| | : | |
| Appellant. | : | |
| | : | No. 1803 EDA 2017 |

Appeal from the PCRA Order, June 5, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0001458-2008.

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED OCTOBER 25, 2018**

Danny Johnson appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows: In 2009, a jury convicted Johnson of first-degree murder and related charges. Two eyewitnesses, standing less than five feet away from Johnson, observed him lift up his shirt, pull out a gun, aim the gun at the center of the fifteen-year-old victim's body, and shoot the victim multiple times at point blank range. Thereafter, the trial court sentenced Johnson to an aggregate term of life in prison. Johnson filed a *pro se* appeal to this Court, and we affirmed his judgment of sentence on September 23, 2010. *See Commonwealth v.*

*Johnson*, 13 A.3d 992 (Pa. Super. 2010) (unpublished memorandum). Johnson did not seek further review.

On November 15, 2010, Johnson filed his first PCRA petition, and amended petitions on June 22, 2011 and December 2, 2011.  On June 1, 2012, the PCRA court issued notice of its intent to dismiss Johnson's petition without a hearing pursuant to Pa.R.Crim.P. 907.  Johnson filed a response.  By order entered July 20, 2012, the PCRA court dismissed Johnson's PCRA petition.

Johnson filed a *pro se* appeal to this Court.  On May 6, 2013, this Court adopted the PCRA court's opinion as its own, and affirmed the denial of post-conviction relief.  *Commonwealth v. Johnson*, 81 A.3d 990 (Pa. Super. 2013) (unpublished memorandum).  Our Supreme Court denied Johnson's petition for allowance of appeal on January 8, 2014.  *Commonwealth v. Johnson*, 84 A.3d 1062 (Pa. 2014).

On March 10, 2014, Johnson filed a *pro se* "Petitioner Requesting an Evidentiary Hearing and Relief of a New Trial based on After-Discovered Evidence," which the PCRA court properly treated as a second PCRA petition. According to affidavits, Linwood Stinson, a fellow inmate, would testify that he witnessed the shooting, and that the shooter was not Johnson.  The PCRA Court appointed counsel, and PCRA counsel filed an amended petition on September 19, 2016.  The Commonwealth filed a motion to dismiss the petition on November 21, 2016.  The PCRA Court held an evidentiary hearing on June 5, 2017.  At the close of testimony, the PCRA court entered an order

denying post-conviction relief. This appeal follows. Both Johnson and the PCRA Court have complied with Pa.R.A.P. 1925.

Johnson raises the following issue on appeal:

> A. Did the [PCRA] court err in denying relief where [Johnson] presented compelling and credible testimony at this evidentiary hearing that, if admitted at trial would have likely compelled a different result?

Johnson's Brief at 5 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to determine whether the PCRA court's conclusion is supported by the evidence of record and is free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Initially, we must determine if Johnson's second petition is properly before us. The timeliness of a PCRA petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). When a petition is untimely, the PCRA court is precluded from reaching the merits of the petition. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014). Because this was Johnson's second petition, he had to wait to file it until the final resolution of his previous petition. He had 60 days from that date to file it. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000).

Here, Johnson filed his second PCRA petition on March 10, 2014, which was within 60 days of January 8, 2014, when our Supreme Court denied

Johnson's petition for allowance of appeal on his first PCRA petition.[1] Although Johnson filed his second petition within 60 days, any new claim therein must still be timely raised under the general PCRA rules, or he must establish an exception to the PCRA's time bar. *Lark*, 746 A.2d at 588.

Generally, any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence is final, unless the petitioner alleges and proves, that he meets an exception to the one-year time limit set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii).[2] 42 Pa.C.S.A. § 9545. If a PCRA petitioner invokes one of these statutory exceptions, he must file his petition "within 60 days of the date the

_____

[1] The sixtieth day, March 9, 2014, was a Sunday. *See* 1 Pa.C.S.A. 1908.

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

claims could have been presented." **See Commonwealth v. Hernandez**, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2). A petitioner must assert the applicable exception(s) in the PCRA petition, and may not raise an exception for the first time on appeal. **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016).

Here, because Johnson did not seek further review after this Court affirmed his judgment of sentence on September 23, 2010, his judgment of sentence became final thirty days thereafter, or on October 25, 2010.[3] Pa.C.S.A. § 9545(b)(3). Thus, for purposes of the PCRA's time bar, Johnson had to file his second petition by October 25, 2011. As he filed his second petition in 2014, it is patently untimely, unless Johnson has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

As noted above, Johnson claims he meets the time-bar exception for "newly discovered" evidence. This Court has summarized:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this

---

[3] Because the thirtieth day fell on a Sunday, the deadline was extended to the following Monday. **See** 1 Pa.C.S.A. § 1908.

- 5 -

exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and quotation marks omitted).

Stated differently, subsection 9545(b)(1)(ii)

"has two components that must be alleged and proved. Namely, the PCRA petitioner must establish that: 1) the **facts** upon which the claim is predicated were **unknown** to him and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Id.***, at 176-77 (*quoting* ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original).

Here, Johnson's counsel labeled this PCRA petition as "Petitioner Requesting an Evidentiary Hearing and Relief of a New Trial Based on After-Discovered Evidence Pursuant to 42 Pa.C.S.A. §9543(a)(2)(vi) and Pursuant to 42 Pa.C.S.A. §9545(b)(1)(ii)." In regard to the latter subsection, Johnson claimed he "was sought out" by an inmate named Linwood Stinson, who

explained to Johnson that Stinson was a witness to the shooting relating to Johnson's case and that Johnson did not shoot the deceased. PCRA Petition, 3/10/14, at 2. Stinson approached Johnson during the pendency of Johnson's request for allowance of appeal from this Court's order affirming the denial of his first PCRA petition. Johnson requested Stinson to reduce this information to a written affidavit. Johnson averred that he received the affidavit from Stinson on December 18, 2013. According to Johnson, "these facts were unknown to [him] and could not have been ascertained through due diligence[.]" *Id*. at 3. Within the petition, Johnson proffered no other evidence to support this assertion.

As we reinforced in **Brown**, **supra**, a PCRA petitioner's "reliance on Section 9543 as a basis for asserting an after-discovered-evidence under the PCRA, however, [does not] suspend [the petitioner's] initial obligation to establish jurisdiction by alleging and proving" the Section 9545(b)(1)(ii) time-bar requirements enumerated above. **Brown**, 111 A.3d 177. At the subsequent evidentiary hearing, Johnson did not testify and provided no additional information regarding the discovery of this "new fact" or his exercise of due diligence.

Just as the PCRA petitioner must establish the Section 9545(b)(1)(ii) requirements, the PCRA court also must initially determine whether it has jurisdiction under the PCRA. This determination is important, preliminarily, as it could obviate the need for an evidentiary hearing regarding the merits of

the "newly-discovered" evidence. ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 784 (Pa. 2000) (explaining that "the PCRA court concluded that [the PCRA petitioner] failed to establish his entitlement to the one-year time limitation, thus obviating the need for the court to receive evidence on [his] substantive PCRA claims").

Here, at the evidentiary hearing the PCRA court immediately addressed due diligence and stated, if what Stinson's "affidavit represents is true as to how [Johnson] came upon the information, then I don't believe there is an argument that [Johnson] could have learned of it earlier." N.T., 6/5/17, at 8. The court, however, did not discuss the rest of the timeliness exception. Instead, the court heard Stinson's testimony, as well as testimony from the Commonwealth, and concluded that Stinson's testimony did not qualify as "after-discovered" evidence that would warrant a new trial. ***See*** PCRA Court Opinion, 8/25/17, at 5-7.

Rather than remand for the PCRA court to determine jurisdiction before proceeding further, we conclude that the record establishes the PCRA court had jurisdiction to address Johnson's after-discovered evidence claim. We caution, however, that the PCRA court should always address jurisdiction before deciding the merits of an underlying claim.

As noted above, to invoke the newly-discovered evidence exception set forth in Section 9545(b)(1)(ii), a petitioner must first establish that the facts upon which he bases his claim were originally unknown to him. ***Brown***,

*supra*. In his petition, Brown claimed he had newly discovered evidence when a witness who testified at trial later told Brown that he did not tell "the whole story." **Brown**, 111 A.2d at 174. We found that Brown did not meet the exception. We first noted that the PCRA court "conflated the distinct requirements of the 'new facts' exception per Section 9545(b)(1)(ii) and the merits-based 'after discovered evidence' analysis relevant to Section 9543(a)(2)(vi)." **Id.** at 178. Addressing the "new facts" exception, we noted that, Brown knew the witness in question was sitting next to the victim on the night in question, and the witness testified at Brown's trial. Therefore, Brown could not meet his burden of establishing that the witness's additional testimony was a "new fact," because that witness could have been cross-examined regarding the additional facts at trial. Thus, Brown did not meet the first part of the test.

In addition, we noted that Brown failed to explain why, in the exercise of due diligence, he could not have discovered the witness's additional testimony earlier. **Id.** Thus, in **Brown**, we concluded that, at most, the witness's elaboration on his original trial testimony constituted no more than "a newly discovered or newly willing source for previously known facts." **Brown**, 111 A.3d at 176 (citing **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008)).

The facts of this case differ significantly from **Brown**. Here, Johnson testified at trial that he did not shoot the victim, but rather, he was trying to

break up an earlier fight and was at home when the shooting occurred. *See* N.T., 4/27/09, at 167-68. Unlike the alleged new witness in *Brown*, Johnson's new witness, Stinson, did not testify at Johnson's original trial, and there is nothing in the certified record that indicates Johnson was aware of Stinson's proffered testimony at the time of his original trial. Thus, unlike in *Brown*, Stinson's proffered testimony did not constitute a "newly wiling source of previously known facts," but rather, constituted new evidence originally unknown to him under the Section 9545(b)(1)(ii) exception.

In addition, nothing in the certified record contradicts the PCRA court's statement that, if taken as true, the facts in Stinson's affidavit could not have been discovered earlier in the exercise of due diligence. *See Brown*, 111 A.3d at 177 (reiterating that "Section 9545(b)(1)(ii) does not require any merit analysis of an underlying after-discovered-evidence claim.") Accordingly, we find Johnson alleged and proved the newly-discovered evidence exception to the PCRA's time bar, which gave the PCRA court jurisdiction to decide Johnson's underlying claim. Thus, we may review the PCRA court's disposition of Johnson's PCRA petition on its merits.

A petitioner is eligible for relief under the PCRA and can obtain a new trial if he can establish the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. §

9543(a)(2)(vi). This Court has explained the four-part test the court should

apply to such claims as follows:

> To obtain relief based on after-discovered evidence, an appellant must demonstrate that the evidence: 1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable due diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa. Super. 2012) (citation

omitted). "The test is conjunctive; the [appellant] must show by a

preponderance of the evidence that each of these factors has been met in

order for a new trial to be warranted." ***Id.*** Moreover, "when reviewing the

decision to grant or deny a new trial on the basis of after-discovered evidence,

an appellate court is to determine whether the PCRA court committed an

abuse of discretion or error of law that controlled the outcome of the case."

***Id.***

Here, the PCRA court summarized the testimony from Stinson and the

Commonwealth at the PCRA hearing as follows:

> At the evidentiary hearing, [Johnson] presented testimony from Linwood Stinson. Stinson testified that between the hours of 8:30 PM and 9:00 PM on August 26, 2007, he was standing on the corner of 13th and Cambria Streets in Philadelphia. He saw his friend, the victim . . . standing outside in front of his home. [Sometime] after, Stinson noticed a dark-colored car pull up and saw two "Spanish" males and one African-American male exit the vehicle and cross 13th Street.
>
> Stinson's attention was drawn to the men again after he heard and saw Williams arguing with one of them. Stinson then heard [the victim] say to that man, "I don't got it." At

- 11 -

that point, the man pulled a gun and started shooting. Stinson could not remember any identifying features of the men, except that one was wearing a "black shirt with some shiny, glittery stuff on it."

Stinson testified that [Johnson], someone he had known from the neighborhood, was not present at the scene of the shooting. Stinson did not know that [Johnson] was convicted of the murder until May of 2013, when he and [Johnson] were placed in the same housing unit at SCI Rockview. Stinson soon after arranged a meeting with [Johnson] where Stinson informed [Johnson] that he knew [Johnson] was not [the victim's] shooter. Stinson subsequently prepared two affidavits describing what he had witnessed on August 26, 2007, which were introduced at the hearing.

[Johnson] called no other witnesses at the evidentiary hearing. The Commonwealth then presented the testimony of Amanda Williams and Sergeant Dayton Bennett. Williams was the sister of the [victim], and was an [eyewitness] to the shooting who had testified at [Johnson's] trial. Williams testified at the hearing that at the time of the shooting, she knew [Johnson's] witness, Linwood Stinson, as a family friend. She did not see Stinson at all that evening and had not seen him around the neighborhood for at least a few months prior to the shooting.

Williams also testified that Stinson wrote her multiple letters during his incarceration. In one of them, which Williams saved and brought to the hearing, Stinson offered to "get at" [Johnson]. This was an obvious offer by Stinson to exact revenge on [Johnson] for his killing of Williams's brother. Stinson never mentioned in any of his letters to Williams that someone other than Johnson committed the shooting.

Sergeant Bennett testified that he was assigned to the sector where the shooting occurred. It was routine for him while on patrol to stop and clear the corner of 13th and Cambria, where Stinson had claimed to be at the time of the shooting. Sergeant Bennett had cleared the corner approximately five to seven minutes prior to the shooting. At that time, he did not see Stinson, someone who he recognized from the neighborhood, on that corner.

- 12 -

PCRA Court Opinion, 8/25/17, at 4-5 (citations omitted).

The PCRA court found that "the evidence presented at the evidentiary hearing demonstrated conclusively that Stinson's testimony [did] not entitle [Johnson] to a new trial" because he could not meet two of the four criteria enumerated in **Foreman**. **Id.** at 5. The court explained:

> First, Stinson's testimony fails to meet the requirement that [the] after-discovered evidence must not be used solely to impeach the credibility of a witness. **See** [**Commonwealth v. Padillas**, 997 A.2d 356, 363 (Pa. Super. 2010)]. Where, as here, "eyewitness identification tied the defendant to the crime charged and the defendant challenged the identification at trial, third-party testimony exculpating the defendant impeaches the eyewitness" and therefore does not warrant a new trial. **Padillas**, 997 A.2d at 365. At [Johnson's] trial, eyewitnesses Jermaine Williams and Amanda Williams testified that from less than five feet away, [Johnson] aimed a gun at the center of [the victim's] body and shot him several times. [Johnson] challenged these identifications at trial. Because Stinson's testimony that [Johnson] was not present during the shooting directly impeaches the testimony of Amanda and Jermaine Williams, it does not meet the test for after-discovered testimony that will give rise to relief under the PCRA. [**Id.**]

> Second, Stinson's testimony also clearly failed to meet the requirement that [the] after-discovered evidence would likely result in a different verdict at a new trial. **Id.** at 363. In determining whether after-discovered evidence would result in a different verdict, a court is to "consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." **Id.** (citing **Commonwealth v. Parker**, 431 A.2d 196, 200 (Pa. 1981)).

> Here, at the conclusion of the evidentiary hearing, the Court found that Stinson was not a credible witness and that the two Commonwealth witnesses who testified at the hearing and directly contradicted Stinson's testimony were

- 13 -

credible. As a result, the Court concluded that there was "utterly no chance" that Stinson's testimony would change the verdict.

The Court's finding was fully supported by the record. At the time of his testimony, Stinson had seventeen *crimen falsi* convictions. Moreover, there was compelling evidence adduced at the hearing that Stinson was committing perjury during his testimony. This was most demonstrably evident when Stinson denied writing a letter to Amanda Williams in which he offered to "get at" [Johnson], who was housed in the same prison, in retribution for [the victim's] death. While Stinson denied writing the letter, he did not deny that the handwriting in the letter and Stinson's signature on one of the affidavits looked "exactly the same." All of this led the Court to find as a fact that there was no doubt that Stinson wrote the letter and that he was lying under oath.

In affirming this Court's dismissal of [Johnson's] first PCRA, the Superior Court agreed that there was "overwhelming evidence of [Johnson's] guilt" presented at his trial that led to the jury's verdict. Without question, the completely incredible testimony of Stinson would not likely have changed that verdict.

PCRA Court Opinion, 8/25/17, at 5-7 (citations and footnote omitted). Our review of the record supports the PCRA court's conclusions.

Johnson's arguments to the contrary, are unavailing. Johnson first claims that "[t]he [PCRA court's] error, plainly put, was to evaluate the credibility of the witnesses and then determine whether the evidence would have probably changed the outcome." Johnson's Brief at 13. According to Johnson, "[t]he PCRA court may only determine whether there was a reasonable probability that the new evidence undermined the confidence in the outcome, not whether the PCRA Court found the evidence credible or not,

and when the court does the latter exceeds the scope of its inquiry and commits error." Johnson's Brief at 16.

We disagree. As noted by the PCRA court, when considering the alleged after-discovered evidence, such credibility considerations are properly part of the determination of the integrity of the proffered evidence, and, therefore, whether the proposed evidence would have resulted in a different verdict. *Padillas*, *supra*.

In addition, the cases cited by Johnson are inapposite. He firsts argues that the facts in *Commonwealth v. Conley*, 335 A.2d 721 (Pa. Super. 1975), are "strikingly similar," to his case. Johnson's Brief at 15. In *Conley*, however, this Court did not reach the merits of the after-discovered claim, but rather remanded for an evidentiary hearing at which Conley would have the opportunity to meet the criteria summarized in *Foreman*, *supra*. Here, Johnson already had this same opportunity at the PCRA hearing.

Similarly, although Johnson correctly cites to our Supreme Court's decision in *Commonwealth v. Johnson*, 966 A.2d 523 (Pa. 2009), he fails to acknowledge that PCRA court's failure to assess the credibility of the defense witnesses' testimony presented at the evidentiary hearing "constitute[d] legal error." *Johnson*, 966 A.2d at 525. In remanding to the PCRA court, the high court referenced cases involving after-discovered evidence in the form of recantation testimony, and explained:

> In assessing credibility on remand in the case *sub judice*,
> the question for the PCRA court is not whether the jury in

- 15 -

fact would have credited appellee's new evidence and his recast alibi evidence. Instead, the question is whether the nature and quality of the evidence is such that there is a reasonable probability that the jury would have credited it and rendered a more favorable verdict.

*Johnson*, 966 A.2d at 542. Thus, the PCRA court **must** assess the credibility of the new evidence. Here, the PCRA court properly assessed Stinson's credibility, including his perjured testimony, and found that there was no chance a different verdict would result if it granted a new trial.

Finally, as noted above, the **Foreman** criteria are conjunctive, (*i.e.*, all four criteria must be met). Here, we conclude that Johnson could not meet the third or fourth prong of the **Foreman** test. We agree with the PCRA court that Johnson cannot establish prong three: that Stinson's proposed testimony would be used for a reason other than the impeachment of the eyewitness identifications made at trial. Indeed, Johnson provides nothing more than his bare assertion that "it is not for impeachment purposes." Johnson's Brief at 17. He also cannot establish prong four: that a different verdict would likely result if a new trial were granted.

In sum, the PCRA court correctly concluded that Johnson's "after-discovered evidence" did not entitle him to post-conviction relief in the form of a new trial. We therefore affirm the PCRA court's order denying his PCRA petition.

Order affirmed.

President Judge Gantman concurs in the result.

Judge Dubow concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/18